THE CENTRAL RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* REUBEN W. CARSWELL, trustee, defendant in error.

An action against the Central Railroad and Banking Company for a trespass in entering upon land, occupying it with its road-bed, cutting down the timber, etc., is properly brought under the act of 1869, in the county where the trespass was committed.

Railroads. Trespass. Jurisdiction. Venue. Before Judge GIBSON. Burke Superior Court. May Term, 1874.

Carswell, as trustee, brought trespass against the Central Railroad and Banking Company, to recover damages for entry on his lands, cutting timber, moving earth, etc. The suit was instituted in Burke county, where the lands were located and the trespass was committed. The defendant pleaded to the jurisdiction, alleging that the action should have been brought in Chatham county, where its principal office for the transaction of business, and its legal residence was located.

The plea was overruled and the defendant excepted.

J. J. JONES; JACKSON, LAWTON & BASINGER, for plaintiff in error.

CARSWELL & DENNY; HOOK & WEBB, for defendant.

McCay, Judge.

The act of 1869, providing that the words "in or by the running of the cars or engines" shall be struck out of section 3339 of the Code, (Irwin's,) leaves that section very broad. It thus covers "injuries" of any kind, since it will then read that the action may be brought in the county where the cause of action originated, when any one has been "injured" in person or property. Is the wrong complained of in this case an "injury" to the person or property of the complainant? If so, the action lies in the county where the cause of action originated. If there be any other proviso, it can only be that the road must run into the county, as provided by the acts of 1853 and 1856. The argument attempted to be drawn from the words used by Judge WALKER in 35*th Georgia*, 144, is, as we think, not a fair one. The language is, it is true, a little inaccurate, but it is plain from the whole decision that he only meant that the Code of 1863 did not contain the broad language of the act of 1859. The act of 1869 makes the law fully as broad as that act, and we, for this reason, affirm the judgment.

Judgment affirmed.