## THE CENTRAL RAILROAD COMPANY *vs.* BRUNSON.

1. The court of the county whence cotton is shipped has jurisdiction to try a claim for failure to deliver the same, or part thereof, at the place of destination by a railroad company.
2. Evidence that other persons had cotton stolen from their bales at the depot where it was shipped is not admissible to show that the company or its agents stole the plaintiff's cotton, though such cotton was stolen during the months when plaintiff's was shipped and by employees of the company, the issue being the loss of the cotton in weight by evaporation or by the fault of the carrier.

3. The judgment being reversed on the admission of the said evidence, no opinion is expressed on the weight of the evidence generally, except that this illegal testimony may have influenced the jury and controlled the verdict.

Jurisdiction. Evidence. Railroads. New trial. Before Judge SIMMONS. Houston Superior Court. May Term, 1879.

Brunson brought two suits against the Central Railroad in Houston county court for about $150.00. He alleged that in the months of September, October, November and December, 1877, he had delivered to the company at Perry, Ga., one hundred and ninety-three bales of cotton to be transported to Macon, and delivered to Campbell & Jones, and Saulsbury, Respess & Co.; that the company failed to deliver something over sixteen hundred pounds of this cotton, and that demand for payment had been made and refused.

The cases were appealed to the superior court and tried together. The main question involved was whether the cotton lost in weight from natural causes incident to shipment, like evaporation, or through fault on the part of the defendant. The jury found for the plaintiff $72.90. Defendant moved for a new trial on the following, among other grounds :

(1.) Because the court overruled a motion to dismiss the case for want of jurisdiction.

(2.) Because the court admitted testimony as to losses of cotton suffered by other parties about the same time through the dishonesty of some of defendant's employees.

(3.) Because the verdict was contrary to law and the evidence.

The motion was overruled and the defendant excepted.

W. S. WALLACE, for plaintiff in error.

DUNCAN & MILLER, for defendant.

JACKSON, Justice.

1. We think that the superior court of Houston county had jurisdiction to try this case. It was a case which arose against the company for failure to deliver cotton committed to it as a carrier at Perry, in Houston county, and to be transported thence to another point. The contract was there made and the bailment there began, and the damage may have there been done by the failure of the company to ship it. 54 *Ga.*, 251.

(2. 3.) Under the issue for trial, we think that the court erred in admitting testimony that other people's cotton had been stolen by agents of the company at Perry. It is too remote to affect this particular cotton of this plaintiff. The issue was *its loss*, whether it weighed less than when shipped, and if it did whether that was caused by evaporation, or by the fault of the carrier. As this testimony may have controlled the verdict we award a new trial, without expressing an opinion on the weight of the evidence.

Judgment reversed.