EAST GEORGIA & FLORIDA RAILROAD CO. *v.* KING *et al.*

1. The act of March 4th, 1869 (pamphlet, p. 14), amending section 3329 (now 3406) of the code, is not unconstitutional as being violative of par. 3, sec. 6, art. 3, of the constitution of 1868. Under that constitution, this paragraph, by its own terms, was directory only to the legislature, and this was so both as to the prohibition against amending a section of the code by mere reference to its number, and as to the requirement that the amending act should distinctly and fully describe the law to be amended.

2. A declaration against a railroad company showing upon its face that the company is duly chartered under the laws of the State, and complaining that it damaged the plaintiffs by constructing a railroad upon their land in the county in which the suit is located, shows substantially, though not in accurate form, that the railroad of the company is wholly or partly in that county. A demurrer to the declaration, on the ground that the plaintiffs had not alleged at all that the company's railroad was situate in the county, was properly overruled, and the action was maintainable under section 3406 of the code. Had the demurrer complained specifically that the fact was not alleged with due and proper certainty, it should have been sustained, unless the plaintiffs, as would have been their right, had by amendment supplied the want of certainty by a more full and lucid allegation.

April 3, 1893. By two Justices. Argued at the last term.

Before Judge SWEAT. Camden superior court. April term, 1892.

ERWIN DUBIGNON & CHISHOLM and GOODYEAR & KAY, for plaintiff in error.

MERSHON & SMITH, by brief, contra.

LUMPKIN, Justice.

1. The act of March 4th, 1869 (Acts of 1869, p. 14), amending section 3329 (now 3406) of the code, did not comply with the requirement contained in par. 3, sec. 6, art. 3, of the constitution of 1868, declaring that "No law or section of the code shall be amended or repealed by mere reference to its title, or to the number of the section in the code, but the amending or repealing act shall distinctly and fully describe the law to be amended or repealed, as well as the alteration to be made; but this clause shall be construed as directory only to the General Assembly." Code of 1873, §5066. The act is not, however, for this reason unconstitutional, because the paragraph quoted was, by its own terms, directory only to the General Assembly. Under the present constitution, such an act would be unconstitutional, because the words, "but this clause shall be construed as directory only," etc., do not appear in the paragraph thereof which is in other respects similar to that quoted

from the constitution of 1868. Code, §5076. The act in question not only undertakes to amend the section of the code above indicated by mere reference to its number, but also utterly fails to otherwise describe the section. It was insisted on the part of the plaintiff in error that the words "this clause" were meant to designate only the provision that " the amending or repealing act shall distinctly and fully describe the law to be amended or repealed, as well as the alteration to be made," and did not refer to the requirement forbidding the amendment or repeal of a law or section of the code by mere reference to its title or the number of the section, and that this particular requirement was absolute and mandatory.

After a careful examination and consideration of the above paragraph of the constitution of 1868, we are convinced that it was intended to be directory in both the particulars indicated. The two provisions referred to are so closely allied and connected, the one with the other, we do not think a separation of them was contemplated, or could be well made, and therefore the act above mentioned, passed under the constitution of 1868, was not void because of non-compliance with the terms of this paragraph. The fact that the paragraph of present constitution on the same subject does not contain any proviso as to its being directory only, supports to some extent the correctness of the conclusion we have reached, because it tends to show that the constitutional convention of 1877, in omitting the proviso, probably regarded the entire paragraph in the previous constitution as being directory, and by the omission deliberately intended to make its provisions absolutely mandatory.

In our opinion, section 3406 of the present code, as construed in *Central Railroad & Banking Company* v. *Carswell*, 54 *Ga.* 251, authorizes suit to be brought

against a railroad company in any county in which the cause of action originated, by any one whose person or property has been injured by the company, if the railroad of such company is located in or runs through the county in which suit is brought.

2. The declaration in this case alleged that the East Georgia & Florida Railroad Company was duly chartered under the laws of this State, and had damaged the plaintiffs by constructing its railroad upon their land in the county of Camden, this being the county in which suit was brought. These allegations show substantially, though not accurately or distinctly, that the railroad of the company is located wholly or partly in that county. The effect of the demurrer was to complain generally that the plaintiffs' declaration alleged nothing showing that the company's railroad was located either wholly or partially in the county in which the action was brought. We, therefore, think the demurrer was properly overruled. If it had specifically complained of the want of certainty and distinctness in the plaintiffs' allegations in this respect, the objection would have been well taken, and the demurrer should have been sustained, unless the plaintiffs had by amendment alleged the facts definitely and unequivocally. The declaration was certainly defective in the particular indicated, but the defendant could not take advantage of this defect by a demurrer which was itself defective in failing to set forth accurately and correctly the real objection to the declaration intended to be made.

*Judgment affirmed.*