## SEALS *v.* AUGUSTA SOUTHERN RAILROAD CO.

1. A petition against a railroad company, for damages alleged to have been occasioned to the plaintiff by wrongfully carrying her past the station to which she had purchased a ticket, should, though it sets forth in general terms a contract of carriage and alleges facts showing a breach thereof, be treated as an action ex delicto, when it is manifest from the allegations and prayers of the petition, taken all together, that the plaintiff is seeking a recovery because of the defendant's breach of duty and not on account of its breach of the contract.

52

2. Even if such a petition is to some extent ambiguous, it should not be dismissed upon a special demurrer which characterizes it as an action ex contractu, containing paragraphs seeking a recovery of damages arising ex delicto, the demurrer so far as relating to this matter not making the point that the petition should be dismissed on the ground of duplicity, but merely "praying" that these paragraphs be stricken.

3. Where a petition contains several paragraphs some of which set forth and pray for damages which may be properly said to have arisen from the wrongs complained of, a demurrer alleging in general terms that "said items of damage are too remote and can not be recovered" is not good. If any of such items are too remote to constitute the basis of a recovery, the same should be specifically pointed out.

Argued February 10, — Decided March 4, 1898.

Action for damages.　Before Judge Reese.　Glascock superior court.　August term, 1897.

Miss Seals sued the railroad company, and her action was dismissed on demurrer.　She alleged, that on October 31, 1896, she purchased in Augusta a ticket from the agents of the company, paying therefor $2.20, for transportation from Augusta to Beall Spring, a flag-station, intending to visit her home, and expecting her brother to meet her at said station; that the conductor on defendant's train took up her ticket, and knew of her intention to stop at said station; that the train arrived there according to schedule just before nine o'clock, and her brother was there to meet her and take her home in a buggy; that the train did not stop at said station, but was run past there at full speed, and she was carried against her will to Mitchell station; that the conductor paid no attention to her, and made no effort to protect her, or secure her a place to stay during the night, until she requested some one to show her to a house where she might stay; that she was put off at Mitchell where she had no friends that she knew; that she had no money, and went without her supper and breakfast, and had no day or night clothing; that the conductor told her he would take her back to Beall Spring the next morning on the train which passed Mitchell about four o'clock, which offer she accepted, having no money to pay her hotel-bill, nor to pay her passage to that station on any other train; that she was up at all hours of the night to ascertain the time so as not to be left by said train; that she slept none;

that before day the next morning she met the train and went back to Beall Spring, arriving there about daylight, and at the conductor's request left the train there, it being a flag-station, with no one whom she knew residing there; that no one met her, and she was three miles from home; that it was raining, and she had to walk said distance, carrying her bundle, whereby she contracted cold from the exposure, and has ever since been sick, having a chronic cough which greatly annoys and pains her; that she has lost at least one half time from her work; that she is eighteen years old, and has no parent or guardian. She lays damages at one thousand dollars for injury to her peace and happiness, as well as on account of the physical suffering and personal·inconvenience she endured.

The grounds of demurrer are stated in the opinion.

*E. P. Davis* and *C. W. Seals*, for plaintiff.
*Leonard Phinizy*, for defendant.

FISH, J. There was no merit in the first ground of the demurrer, which alleges that no cause of action is set forth in the plaintiff's petition. The second ground, that the plaintiff was a minor and the suit should have been brought by a guardian, was removed when the petition was, by the consent of the defendant and the order of the court, amended by inserting therein the name of Robert B. Seals as next friend of the plaintiff, suing for her use.

1. The third ground of the demurrer is, that the petition sets forth a breach of contract, and that the damages claimed by the plaintiff to have been sustained by her "are punitive and are for torts, and arise ex delicto, and can not be recovered in an action for a breach of contract." The demurrer embraced a motion that these paragraphs "be stricken and that the plaintiff in her recovery be restricted to the actual damages flowing directly from the breach of the contract sued on." It was also alleged under the third ground of the demurrer that "said damages are too remote and can not be recovered." Using the language of Chief Justice Bleckley, in *Central Railroad Co.* v. *Roberts*, 91 *Ga.* 519, "In such an action as the present, where it is well founded, a recovery may be had for the injury as a

tort, as a breach of a public duty by a common carrier — a duty imposed by law, though involving in this breach a breach of contract also." See also, *City & Suburban Ry.* v. *Brauss,* 70 *Ga.* 368; *Central Railroad Co.* v. *Pickett & Blair,* 87 *Ga.* 734. There is no question that the plaintiff could have brought suit for a breach of the contract. The question, therefore, presented by this ground of the demurrer is, whether the petition of the plaintiff is an action for a breach of the private contract, or an action for a tort arising out of the breach of the public duty that the defendant owed to the plaintiff as one of its passengers. This question, we think, should be decided by construing all the allegations of the declaration together. In determining whether the action is ex contractu or ex delicto, we should not pick out particular paragraphs or allegations of the petition and consider them as being isolated from all the others contained therein, but each of them should be construed in the light of its natural and logical relations to all of the others. So construing the petition, what was the cause of action upon which the plaintiff relied for a recovery? Was it a breach of the contract, or a breach of the legal duty incident to and created by the contract? While there is a general allegation in the first paragraph of the petition that the defendant has injured and damaged the plaintiff in the sum of one thousand dollars, there is no allegation as to damages sustained in the second or third paragraph, which are the only ones which set forth a contract of carriage or allude to such a contract, nor any claim there, or elsewhere in the petition, that the plaintiff had been injured and damaged by reason of a non-compliance by the defendant with the implied terms of the contract. But the plaintiff, after setting forth in these paragraphs facts which show an implied contract on the part of the defendant to carry her from Augusta to Beall Spring station, and to stop the train upon which she was being transported, upon its reaching the latter point, in order that she might get off, alleges, in the third paragraph, "that the train did not stop at the Beall Spring station, at which place she had intended to get off, and to which place she had purchased her ticket, but the train was run past the station at full speed, and . . petitioner was

·carried, against her will, to Mitchell, Georgia, to her great mental suffering, annoyance and personal inconvenience." This seems to clearly indicate that the plaintiff was suing for the tort; and the further particulars wherein she alleges that she was damaged, as set forth in the paragraphs which follow, are perfectly consistent with this view of the case. Some of the paragraphs demurred to, all of which the demurrer avers show that the damages therein claimed "are punitive and are for torts and arise ex delicto," wind up with the averment, or its ·equivalent, "all to the damage of your petitioner in the sum ·of $1,000." It is necessary for a person suing a common carrier for damages arising out of the violation, as to him, of the public duty which it owes to a passenger, to allege facts showing that, at the time of the commission of the alleged tort for which he seeks to recover damages, he sustained toward the defendant carrier the relation of a passenger. In this case, without the existence of a contract of carriage, the defendant would have owed no duty to the plaintiff as its passenger; and as it was necessary for her to show such a duty on the part of the defendant, as a basis from which the tort, for which she sought to recover, could have arisen, it was proper and necessary to allege facts sufficient to show an implied contract by the defendant to transport her from her point of departure to her point of destination and to allow her, upon arrival at the latter, an opportunity to safely alight from the cars. As the allegations of the petition seem to show an intention on the part of the plaintiff to sue for the recovery of damages sustained by her in consequence of the breach of the public duty arising out of the contract of carriage, and not for damages resulting from a breach of the contract, those allegations which set forth the contract may well be taken as simply intended to lay the foundation for the introduction of evidence to show the existence of this public duty, preparatory to the introduction of further testimony to establish a violation of that duty amounting to the tort, which appears to be the real gist of the action. The essential facts which seem to be relied upon for a recovery constitute a tort. Certainly, as against the demurrer filed by the defendant, the portion of the petition which

sets forth the contract of carriage may be treated as mere matter of inducement, leading up to the real gravamen of the suit— the tort founded upon the contract.

2. The special demurrer did not make the point that the petition should be dismissed on the ground of duplicity, nor for any other reason, but, after characterizing it as an action ex contractu, containing paragraphs seeking to recover damages arising ex delicto, "prayed" that these particular paragraphs be stricken and that the plaintiff, in her recovery, "be restricted to the actual damages flowing directly from the breach of the contract sued on." Even if the petition were to some extent ambiguous in not showing whether the suit was for a tort or a breach of the contract, it would have been error for the court to have *dismissed* it upon this demurrer. According to the opinion of this court in the case of *Central Railroad Co.* v. *Pickett*, 87 *Ga.* 736, if the petition had been subject to the charge of duplicity in the respect above indicated, and the defendant had demurred to it upon that ground and had sought for that reason to dismiss it, the court below should either have dismissed the case or required the plaintiff to so shape her allegations as to leave no doubt of the manner in which she sought to hold the defendant liable.

3. It is further alleged, in the third ground of the demurrer, that "said items of damage are too remote and can not be recovered." As these items of damage include all damages alleged to have been sustained by reason of the breach of the duty which the defendant owed the plaintiff as its passenger, if, in any of the paragraphs demurred to, there are damages claimed which may properly be said to have arisen from the alleged tortious conduct of the defendant, a demurrer which by its sweeping terms covers every item of alleged damages can not be sustained. To sustain such a demurrer would be to hold that all of the damages claimed are too remote. It is too apparent for discussion, that if the allegations which set forth the tort complained of are true the plaintiff is entitled to recover some damages on this account. Certainly she would be entitled to recover for any inconveniences, physical hardships, or sufferings, which were not needlessly incurred by her, but

which were the proximate result of the tort committed by the defendant, and it is equally clear that the petition contains allegations which cover such items as these. If any of the items of alleged damages are too remote to constitute the basis of a recovery, the same should have been specifically pointed out in the demurrer.

*Judgment reversed. All the Justices concurring.*