### AYER v. JAMES.

1. A motion to set aside a judgment based upon the verdict of a jury can not properly be predicated upon any fact not appearing of record.

2. The motion made in the present case, even though treated as one to vacate the verdict, was legally insufficient, inasmuch as it was based solely upon the absence of counsel for providential cause, and did not disclose why the client himself might not, by the exercise of reasonable diligence, have secured a postponement or continuance of the case when it was called for trial. But as the record before this court discloses facts which would seem to exonerate the client from any charge of neglect in the premises, appro-

priate direction has been given whereby the motion may be so amended as to present the real merits of his contention that there has been a miscarriage of justice resulting in hardship upon him.

Submitted June 10, — Decided July 13, 1904.

Motion to set aside judgment. Before Judge Reagan. Monroe superior court. September 11, 1903.

*Persons & Persons*, for plaintiff in error.
*J. B. Williamson* and *Cabaniss & Willingham*, contra.

EVANS, J.  Suit was brought in Monroe superior court by Thomas R. Ayer against Gus James, on a promissory note.  At the trial term of the case it was continued until the August, 1903, term of the court, when it was called in regular order.  Neither the defendant nor his counsel answered the call of the case, and the court instructed the plaintiff to proceed with his case before a jury, the defense of non est factum having been theretofore interposed by the defendant.  At the close of the plaintiff's evidence, the court instructed the jury to return a verdict in his favor, and a judgment was duly entered thereon.  The court then adjourned until the first Monday in September.  On that day counsel for James appeared and presented the following motion:  " And now comes the defendant, Gus James, and moves to set aside the judgment in the above-stated case, on the ground, (1) that he had employed to represent him J. B. Williamson, and expected the said Williamson to represent him in said trial, but that on account of providential hindrance, the said Williamson being too sick to be present, he was deprived of the said Williamson's services as attorney, and was not represented in said hearing; (2) that said Williamson was unable to notify the court of his sickness before the hearing; (3) that he has a meritorious defense, and now announces ready for trial."  To this motion the plaintiff demurred on the grounds, " (1) that said motion should be stricken as a matter of law, for the reason that the same sets forth no legal reason why the said judgment should be vacated or set aside; (2) that said motion is not sufficient in law and should be stricken; that said motion, in order to be operative on account of absence of. defendant's counsel, it is necessary to allege that counsel had a leave of absence from the court, and on account of providential hindrance he could not attend the court.  And therefore, as a

matter of law, the motion must be stricken." The court passed an order overruling the demurrer, heard evidence offered by the defendant in support of his motion, granted the same, and ordered that the case be reinstated and stand for trial. To these rulings the plaintiff excepted.

1. Treated technically as a motion "to set aside the judgment," the motion presented in behalf of James was clearly insufficient; for, as was held by this court in *Clark's Cove Guano Co.* v. *Steed,* 92 *Ga.* 440, "Where a judgment of the superior court is based upon the verdict of a jury, and there is no motion for a new trial or to set aside the verdict, a motion to set aside the judgment will not be granted for any cause which does not appear upon the face of the record or pleadings." To the same effect, see *Regopoulas* v. *State,* 116 *Ga.* 596; *Tietjen* v. *Merchants' Bank,* 117 *Ga.* 502. In the case first cited, it appeared that the plaintiff "sued Steed and his wife on a promissory note. . . Mrs. Steed moved to set aside the judgment, upon the grounds that her husband had the management of the defense and was a material witness, but was sick and unable to attend court on the day of the trial; that she had a good defense, having signed the note as security for her husband," etc. To this motion plaintiff demurred on the ground, among others, that the judgment could be set aside only for error appearing on the face of the record." No motion to vacate the verdict appears to have been made.

2. In the present case, the demurrer did not explicitly point out the objection that no facts appearing of record were relied on as the basis of the defendant's motion, and the trial judge evidently dealt with it as though it were the equivalent of a motion to vacate the verdict, notwithstanding it recited that the defendant "moves to set aside the judgment" rendered in the case. So regarding the motion, we still think it was legally insufficient. It was based solely upon the providential absence of counsel, who was too sick to be present and who was "unable to notify the court of his sickness before the hearing." There is no suggestion of any reason why the client himself might not, in the exercise of reasonable diligence, have obtained a postponement or continuance of the case on account of the absence of his attorney. Indeed, James, the client, is in no way accounted for, or any diligence on his part in looking after the case even hinted at. For aught that

is alleged, he was not present at the call of the case or during any stage of the trial.    Certain it is that the motion does not undertake to explain why, if he was not in fact absent, he was unable to bring to the attention of the court the absence of his counsel and ask that the court take the proper steps looking to the preservation of his rights in the premises.    Without some such showing, the motion was wholly without merit.    "Where parties have a case in court, it is their duty to attend and look after their interests.    They can not remain away without sufficient cause and subsequently have set aside a judgment properly rendered against them."    *Seifert* v. *Holt*, 82 *Ga.* 758 (3).    They are bound to take notice of the time and place of trial and of when their presence is required.    *Eady* v. *Napier*, 96 *Ga.* 736.    "To set aside a judgment for defendant's absence from providential cause, he must show not only that he was absent for such cause and unable to notify the court of his condition, but that he had a meritorious defense," etc.    *Phillips* v. *Taber*, 83 *Ga.* 566 (4).    And a verdict rendered in the absence of a defendant will not be set aside on the ground that he was sick and did not expect the case to be tried, when he had "ample opportunity to inform the court of his sickness and obtain a continuance."    *Lumpkin* v. *Respess*, 68 *Ga.* 822.    It necessarily follows that a verdict should not be vacated on the ground of the providential absence of counsel, unless it is made affirmatively to appear that the client was, for some good and sufficient reason, unable to himself protect his interests by informing the court of the unexpected absence of his counsel and consequent inability to properly present his defense.

Looking to the facts appearing in the record before us, however, we find that James was, as matter of fact, in attendance upon the court on the day his case was tried, being present in obedience to instructions given him by his counsel some ten days before court met.    Early on the morning of that day, the case was sounded.    James was then sitting in the gallery; and, his counsel not being present, immediately ran out of the court-room in order to "hunt Mr. Williamson."    James ran to the house of his counsel, but did not find him, he being sick in an adjoining county and having been unable to reach home, as he expected to do in time to attend court, on account of sudden illness.    During the time James was absent from the court-room, the case was

called for trial, and the attention of the court was called to the fact that neither James nor his counsel was present.. When James returned, some one " got up and commenced to read out" his name, but this appears to have been after the case had been taken up for trial.    It is stated in the brief of counsel for the defendant in error that his client, James, is an ignorant negro, and did not know what steps to pursue in the absence of his attorney. Later on the same day, within an hour after the verdict was returned, James went to consult other counsel, who immediately prepared and presented to the court the motion hereinbefore set forth.    It would therefore seem that the client was reasonably diligent in looking after his case; and, if these facts had been properly presented in a motion to vacate the verdict, the trial judge might well, in the exercise of the wide discretion with which he is vested, have passed an order reinstating the case for a trial on its merits.    That there may be no miscarriage of justice, we have thought proper to exercise the power, conferred upon us by statute, to give direction in the case, and have accordingly directed the court below to allow the defendant's motion to be so amended as to present all the facts showing diligence on his part, and pray for appropriate relief, in order that the trial judge may be in a position to pass upon the real merits of the matter.

*Judgment reversed, with direction.    All the Justices concur.*