### 15507. Edgley v. Columbus Iron Works Company.

BLOODWORTH, J. The petition contains allegations appropriate to an action to recover damages for a breach of a contract or for damages founded in tort. The petition having been demurred to as duplicitous, and the plaintiff not having elected which cause of action he would pursue, the demurrer was properly sustained. *Brooks* v. *Tucker,* 29 *Ga. App.* 795 (116 S. E. 552), and cases cited; *Central Railroad Co.* v. *Pickett,* 87 *Ga.* 734 (1), 735 (1) (13 S. E. 50).

> *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
> DECIDED JUNE 10, 1924.

Action for damages; from Muscogee superior court—Judge Munro. February 23, 1924.

The petition alleges that the defendant injured and damaged the plaintiff in a stated sum, "caused by the negligent acts and conduct of defendant as more fully hereinafter set forth." It is alleged, that the plaintiff was working for the defendant for hire in the defendant's iron works, when the defendant's foreman directed him to operate a certain crimping machine, which he did not know how to operate, and which was broken, that he had no notice of the break, that in operating the machine he was injured by the loss of two fingers on his left hand, and that the break in the machine caused the injury. Paragraph 8 as amended alleges: "Petitioner entered into an oral contract with the said defendant in which the defendant agreed to hire the plaintiff for and during the remainder of his lifetime so long as the plaintiff would make a good and efficient laborer at the same rate of pay they would be from time to time paying for the same and like kind

of work." It is further alleged: (9) "Plaintiff agreed to perform all the duties which would be required of him for the consideration of having work to do which would afford your petitioner with work all the time he agreed to settle the above cause of action plaintiff at that time had against the said" defendant. (10) "Defendant agreed with plaintiff to furnish him work as long as he lived should he refuse to sue said defendant on said cause of action he had against the defendant, and it was agreed between both the plaintiff and defendant that if the plaintiff did not bring suit and would settle by this agreement the defendant would furnish work for the plaintiff to perform at all time." (11) "Defendant further agreed to pay plaintiff ordinary and regular prices for his labor, and that the defendant has failed and refused to carry out its part of the said contract, breached the same, and continues to breach the same, although after [ ? ] requested to allow plaintiff to go to work and furnish work to do." There are additional allegations as to breach of the contract, and it is alleged that "the defendant in failure to comply with its contract has injured and damaged your petitioner in the sum of money great than is one fifth of his earning capacity for and during the remainder of his life;" that he was 33 years of age at the time of his injury, his expectancy was 75 years, and his earning capacity was $3.75. The concluding allegations are that the plaintiff was not at fault, and that the defendant was negligent in sending plaintiff to a machine with which he was unacquainted and which was out of repair; and damages in the sum first stated are prayed for.

*M. H. Norris,* for plaintiff.  *A. W. Cozart,* for defendant.