PERRY *v.* FLETCHER.

No. 8649. JANUARY 16, 1932.

*Philip Newbern, H. L. Rogers,* and *McDonald & McDonald,* for plaintiff in error.
*R. D. Smith* and *Jay & Garden,* contra.

GILBERT, J. This is a proceeding to set aside a judgment on the ground that the petitioner, against whom the judgment was rendered, was insane at the time the contract was made and when the judgment was rendered. The petition is addressed to the superior court of Irwin County, and contains a prayer for process and second original; and all of the parties appear to be before the court. The defendant filed a demurrer contending: (1-3) That the petition sets forth no cause of action. (2) That there is no equity in the petition. (4) That it appears that this is an equitable proceeding, and that the defendant resides in Ben Hill County; and as there is no defendant residing in Irwin County, the superior court of that county has not jurisdiction, but jurisdiction, if there is any case, is in Ben Hill County. (5) That it appears from the petition that no defendant in said action resides in Irwin County, and therefore the superior court of that county has no jurisdiction. Is this an "equity case" as provided in the constitution of Georgia (Civil Code, § 6540) ? If Irwin County has no jurisdiction of the proceeding, any judgment rendered would be void.

Is a proceeding to set aside a judgment necessarily an "equity case"? We think not. In *Turner* v. *Jordan,* 67 *Ga.* 604 (2), this court said: "A judgment . . could be set aside in a court of law, with proper pleadings and with all parties in interest as parties to the motion." In *Fannin* v. *Durdin,* 54 *Ga.* 479, this court said there could be no doubt that at common law a motion to set aside a judgment could be predicated upon any irregularity in the judgment, whether appearing upon the face of the record or not; and it was contended therein that the provisions of our Code with reference thereto were merely declaratory of the common law. In *Regopoulas* v. *State,* 116 *Ga.* at p. 597 (42 S. E. 1014), it was stated that what was said by this court in the case just mentioned was "simply obiter." On the other hand, in *Ford* v. *Clark,* 129 *Ga.* 292 (58 S. E. 818), it was again ruled that a judgment could be set aside in a court of law, etc., following the cases above cited; and in the opinion Mr. Justice Evans said, referring to the *Regopoulas* case and whether the ruling in *Fannin* v. *Durdin* was obiter or not, "We find that, as early as the case cited from 9 Ga., it was considered proper procedure, to vacate a judgment procured by fraud, to file a petition addressed to the court wherein the judgment was rendered, distinctly alleging the specific fraud, and praying a rule against all the parties interested, to show cause why the judgment should not be set aside. When the rule was served, the court, on the day therein appointed, would proceed to hear evidence relating to the alleged fraud. This practice was approved in *Turner* v. *Jordan,* 67 *Ga.* 604. In the late case of *Union Compress Co.* v. *Leffler,* 122 *Ga.* 640 (50 S. E. 483), it was held: 'In a proper proceeding by petition, with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction, which obtained at common law, to set aside judgments for irregularities not appearing on the face of the record.' See also *Ayer* v. *James,* 120 *Ga.* 578 (48 S. E. 154). Whether such proceeding be technically a motion to set aside a judgment, or denominated by other appropriate name, it is certainly a proceeding in a court of law, and it would be immaterial to the parties haled into court whether they were cited to appear by a rule issued by the judge, or process in the name of the judge, issued by the clerk." The opinion in *Union Compress Co.* v. *Leffler* was written by Mr. Justice Lamar. Some of the cases

above mentioned were cited, and based thereon it was declared: "The judgments of every court of record may for good cause be opened, vacated, or amended during the term. It may be that the ground of the attack on the judgment is such that the complaining party can obtain relief only in a court of equity. Or it may be that relief may be had at law and in the court which rendered the original judgment. And while the remedy by motion is limited, by the Civil Code, § 5362, to cases where the defect appears on the face of the record, the court is not deprived of the jurisdiction to grant relief against judgments irregularly or improperly obtained."

In *Ayer* v. *James,* cited by Mr. Justice Lamar, it was said: "Treated technically as a motion 'to set aside the judgment,' the motion presented in behalf of James was clearly insufficient; for, as was held by this court in *Clark's Cove Guano Co.* v. *Steed,* 92 *Ga.* 440 (17 S. E. 967), 'Where a judgment of the superior court is based upon the verdict of a jury, and there is no motion for a new trial or to set aside the verdict, a motion to set aside the judgment will not be granted for any cause which does not appear upon the face of the record or pleadings.'" So, in the present case, if the proceeding be treated technically, as a motion to set aside a judgment, as contemplated in the Civil Code (1910), § 5957, the general demurrer based upon "no cause of action" must obviously be good. But we do not so construe it. While this proceeding is by a petition with process attached, as in an original suit, in fact it merely seeks to reopen a case which has been prosecuted to judgment. It partakes of the nature of a motion to set aside a judgment, but is not an ex parte proceeding. It is more than a motion. It seeks common-law relief. It brings the party who obtained the judgment back into the court where the judgment was rendered, as provided in the Code (1910), §§ 5962, 5968. The latter section declares that a judgment that is void may be attacked in any court by anybody, and then declares: "In all other cases judgments cannot be impeached collaterally, but must be set aside by the court rendering them," which is a reiteration in substance of § 5962. It lays no restriction on the method of procedure. Finally, in *Dixon* v. *Baxter,* 106 *Ga.* 180 (32 S. E. 24), this court decided the precise question here involved, and the decision received the concurrence of all the Justices. See also *Schulze* v. *Schulze,* 149 *Ga.* 532 (101 S. E. 183).

We think, from what has been said, that it has been thoroughly established by the decisions of this court that the petition in this case sets out a cause of action at law for the relief prayed; that is, that the judgment, as to Henry Fletcher, be set aside. If, as in the cases cited by plaintiff in error, the petition had prayed for other equitable relief against the defendant, such as cancellation of a deed, injunction, or any other equitable relief appropriately falling within what is termed an "equity case" as contemplated in the constitution (Civil Code 1910, § 6540), the demurrer would be good as to that portion of the petition. The petition would not set out a cause of action for such equitable relief, but that would not authorize the court to dismiss it entirely. It may or may not still be good as an action at law for such relief as is appropriate to the facts alleged, and the grant of such relief as is within the jurisdiction of the superior court of Irwin County.

### ON MOTION FOR REHEARING.

Plaintiff in error, after this case was decided and before the remittitur was sent down, in a proper manner, calls to the attention of this court the fact that the decision rendered deprives this court of jurisdiction. In other words, this court decided that this is not "an equity case" as contemplated by the constitution fixing venue (Civil Code (1910), § 6540), and accordingly the Court of Appeals and not this court has jurisdiction. Civil Code (1910), § 6502. That point was overlooked; and we now hold that not this court, but the Court of Appeals, has jurisdiction. Counsel for plaintiff in error are extended our thanks for the correction. Incidentally we find that the fifth ground of the demurrer was not included in the statement of the case as originally decided, and that correction is now made. The judgment of affirmance is withdrawn, and in lieu thereof it is ordered that the case be transferred to the Court of Appeals.

*So ordered. All the Justices concur.*