SIMPSON, solicitor-general, *ex rel. v.* BRADLEY.

No. 12871.  NOVEMBER 14, 1939.  REHEARING DENIED NOVEMBER 30, 1939.

*Walter McElreath* and *William A. Fuller,* for plaintiff.

*G. Seals Aiken, J. Ira Harrelson, Joe Quillian, Randall Evans Jr., Bradley & Bradley* and *L. O. Kimberly Jr.,* for defendant.

JENKINS, Justice. 1. Whatever may be the rules and restrictions governing technical motions in arrest of judgment and motions to set aside judgments as to the time of filing (Code, §§ 110-702, 110-703, 3-702; *Regopoulas* v. *State,* 116 *Ga.* 596, 598, 42 S. E. 1014; *Ford* v. *Clark,* 129 *Ga.* 292, 58 S. E. 818; *Moore* v.

*Moore,* 139 *Ga.* 597, 77 S. E. 820; *Wright* v. *Martin,* 153 *Ga.* 32, 35, 111 S. E. 190), it is nevertheless true that "in a proper proceeding with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction, which obtained at common law, to set aside judgments for irregularities not appearing on the face of the record;" and such a petition may thus be brought at law as well as in equity. *Union Compress Co.* v. *Leffler,* 122 *Ga.* 640, 642 (50 S. E. 483); *Dugan* v. *McGlann,* 60 *Ga.* 353, 354; *Perry* v. *Fletcher,* 174 *Ga.* 180, 182 (162 S. E. 285); *Dollar* v. *Fred W. Amend Co.,* 184 *Ga.* 432, 436-438 (191 S. E. 696); Code, §§ 37-219, 110-710, 110-711. "Fraud in procuring a judgment is ground for its reversal, both at law and in equity; it is an irregularity [in the broad sense of that term] which vacates it," and "may be inquired into by the court which rendered the judgment." *Mobley* v. *Mobley,* 9 *Ga.* 247, 251; *Griffin* v. *Sketoe,* 30 *Ga.* 300 (3, 4), 305. The distinction between technical motions in arrest or to set aside, and independent proceedings to annul judgments for fraud, lies in the fact that a motion in arrest or to set aside is an integral part of the previous litigation, and therefore must be between the parties thereto; whereas a proceeding on account of alleged fraud, brought on a petition for process and service thereof, is an independent action, not in continuance of the original proceeding. Therefore it is not governed or limited by the rules pertaining to such technical motions with respect to the time of filing or the service required.

The main proceeding, from which this contempt case arose, can not be construed as a mere motion to set aside the previous judgment admitting persons to the practice of law, where not only was special service prayed and "extraordinary service" provided under the Code, § 81-204, but the independent petition was brought by a solicitor-general, who was not a party to the previous ex parte proceeding, but was an officer of the court, against attorneys who were also officers of the court, and invoked, not only the general power of the court over its own judgments and its jurisdiction at law as well as in equity in matters of fraud, but its inherent and statutory powers under the Code, § 24-104, par. 4, "to control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto," and the conduct of attorneys, as its officers, with respect

to orders obtained by representations to the court. See *West* v. *Field*, 181 *Ga.* 152 (5), 156 (181 S. E. 661, 101 A. L. R. 465); *Heath* v. *Miller,* 117 *Ga.* 854 (5), 864 (44 S. E. 13); *DeKrasner* v. *Boykin,* 54 *Ga. App.* 29, 34 (186 S. E. 701).

2. "If the defendant in an equitable proceeding shall not reside in the State, service of the petition or any order of the court may be made by publication. If the nonresident defendant shall be represented in court by an attorney at law or in fact, service on such attorney shall be sufficient. In all cases not embraced within the foregoing provisions, the judge may prescribe extraordinary service according to the exigencies of each case." Code, § 81-204.

3. While, as a general rule, allegations of fact are to be construed most strongly against the pleader, yet, in the absence of special demurrer thereto, where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where the petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to which form of action is relied upon, the courts in such a case, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action. *Seals* v. *Augusta Southern R. Co.,* 102 *Ga.* 817 (2), 822 (29 S. E. 116); *Central R. Co.* v. *Pickett,* 87 *Ga.* 734 (13 S. E. 750); *Stoddard* v. *Campbell,* 27 *Ga. App.* 363 (3) (108 S. E. 311); *Lytle* v. *Southern Ry. Co.,* 3 *Ga. App.* 219, 221 (59 S. E. 595); *Payton* v. *Gulf Line Ry. Co.,* 4 *Ga. App.* 762 (2) (62 S. E. 469); *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (2) (116 S. E. 922); *Moore* v. *Standard Accident Ins. Co.,* 48 *Ga. App.* 508 (2), 512 (173 S. E. 481).

4. While the Code, § 81-204, requires service by "publication" in an "equitable proceeding," and while there must be personal service or its equivalent in either a law or an equity case if *personal relief* is sought against the defendant (*John Hancock Mutual Life Insurance Co.* v. *Baskin,* 179 *Ga.* 86, 175 S. E. 251), yet in other cases, where no personal relief is prayed, the Code requires neither personal service nor service by publication, but expressly authorizes the judge to "prescribe extraordinary service according to the exigencies of each case." A petition seeking only to set aside a previous order admitting one to the practice of the legal profession,

with no relief in personam, and no order of disbarment as an attorney, as in *Strickland* v. *Willingham,* 49 *Ga. App.* 355 (175 S. E. 605), may properly be construed as a proceeding at law quasi in rem. See Dental Examiners *v.* Hedrick, 116 W. Va. 222 (179 S. E. 809) ; State *v.* Richardson, 108 Conn. 45 (142 Atl. 406) ; 1 R. C. L. 128, § 13; 1 C. J. 1041, § 171; Freeman on Judgments (5th ed.), § 1534, and citations in those authorities. Accordingly, even though the petition in the present main proceeding might be taken as ambiguous as to whether it was brought in equity or at law, yet if by reason of the service ordered, and made only by registered mail, the service would be valid at law but not in equity, the proceeding will be construed, under the rule in the preceding paragraph, as one at law, since that procedure would serve the best interest of the pleader. Especially will such a proceeding be so construed, where, as in this case, the original proceeding was itself one at law. See *Tomlin* v. *Rome Stove & Range Co.,* 183 *Ga.* 183 (187 S. E. 879) ; *Hayden* v. *Phinizy,* 67 *Ga.* 758.

5. Whether or not, even if this proceeding should be construed as equitable, it might still be valid, notwithstanding the lack of service by publication, under the rule that lawful service may later be made so as to relate to and render valid a case pending as of the time of its filing (see *Faughan* v. *Bashlor,* 163 *Ga.* 525 (2, 3), 136 S. E. 545; *Langston* v. *Langston,* 141 *Ga.* 675 (3), 82 S. E. 36; *Ellis* v. *McCrary,* 52 *Ga. App.* 583, 183 S. E. 823; *York* v. *Edwards,* 52 *Ga. App.* 388 (2), 183 S. E. 399; Code, §§ 81-112, 81-208), or whether or not it was the duty of the witness to respect the judgment and procedure of the trial court holding the petition and service to be valid, in the absence of any writ of error therefrom, and unless and until the judgment might be reversed, it is not necessary to determine, since, construing the petition as a proceeding quasi in rem at law, the extraordinary service ordered and made by registerd mail, affording reasonable notice and time to appear, was proper and valid, and therefore the trial court had jurisdiction of the proceedings. See 50 C. J. 645; 33 C. J. 1084, 1085, and cit.

6. The above rulings deal with the exceptions to the decision and judgment of the Court of Appeals. While other contentions are urged in the brief of counsel for the defendant in certiorari, the decision of this court must be confined to the questions presented

by the assignments of error in the petition for certiorari. See Certiorari Rule 45, Code, § 24-4549; *Mitchell* v. *Owen,* 159 *Ga.* 690 (5), 701-703 (127 S. E. 122); *King* v. *State,* 155 *Ga.* 707, 712 (118 S. E. 368).

7. The Code, § 38-2301, declares that "any witness . . refusing to . . answer, without legal excuse, shall be guilty of contempt; and upon certification of said act by the commissioner to the judge in whose court the case is pending, the judge shall punish the same as though committed before him." The effect of this statute is to put a witness, testifying before a commissioner, on the same footing as if he were testifying before the judge. See also §§ 38-2201 et seq., as to the taking of testimony, and §§ 38-2110, 24-105, as to the power to punish for contempts.

8. It follows that the Court of Appeals erred in holding that the order adjudging the respondent witness guilty of contempt was illegal for the reason that the trial court was without jurisdiction of the main case, in the absence of valid service on the defendants therein.　　　*Judgment reversed. All the Justices concur.*