The Southern Railway Company *v.* Johnson.

| 96 | 655 |
| 103 | 211 |
| 96 | 655 |
| 124 | 474 |

1. For a tort to personal property a railroad company must, under section 3406 of the code, as amended by the act of December 20th, 1892 (Acts 1892, p. 59), be sued in the county where the tort was committed, if the company has an agent in that county; and if the action is within the jurisdiction of a justice's court, it may be brought in the justice's court of any militia district in which the company's railroad is located.

2. It was not good cause for *certiorari*, that a justice of the peace overruled a motion to dismiss an action, based on the grounds that "defendant was not served with a true copy of the original summons, nor served with a true copy ten days before court, as required, by law." The motion to dismiss was itself defective in not pointing out the defects in the copy served upon the defendant, so that the court might determine whether they were trivial or material; and the failure to serve in time was not, under the act of October 17th, 1885, cause for dismissal, but for a continuance.

August 16, 1895.

Petition for *certiorari.* Before Judge Sweat. Appling county. December 8, 1894.

DeLacy & Bishop, for plaintiff in error.

E. P. Padgett, *contra.*

Simmons, Chief Justice.

It appears from the record, that the railroad company killed two cows belonging to the plaintiff. The tort was committed in the 1239 district G. M., of Appling county. Both magistrates in that district were disqualified to try the case, by reason of their relationship to the plaintiff. The suit was therefore brought in the 457 district G. M., in which Baxley, the county site, is situated. At the trial of the case, counsel for the railroad moved to dismiss the case, because the magistrate of this latter district had no jurisdiction, and also on the ground that "defendant was not served with a true copy of the original summons, nor served with a true copy ten days before court, as required by law." The motion was overruled by the magistrate, and after hearing the evidence he rendered judgment against the defendant. An application was made to the judge of the superior court for a writ of *certiorari,* which he refused, and the defendant excepted.

1. The objection that the magistrate who issued the summons had no jurisdiction because the tort was not committed in that district, was not well taken. It has been held by this court in several cases, that for the purposes of suit and of taxation a railroad company resides in every county through which it runs. Section 3406 of the code, as amended by the act of December 20, 1892 (Acts 1892, p. 59), requires that railroad companies shall be sued in the county where the tort was committed, if the company has an agent in that county. That is the residence fixed by the legislature for the railroad company for purposes of suit. If therefore the company resides in the county, we see no reason why it may not be sued in a justice's court in any district through which it runs in the county. If the running of the road

through the county makes it a resident of the county, it also makes it a resident of each district through which the road runs.

2. The motion to dismiss the action on the ground that the summons served on the defendant was not a true copy of the original summons, was defective in not pointing out wherein it was not a true copy, so that the court might determine whether the difference was trivial or material. It may have been that it was not a true copy because of some very trivial mistake. Nor was the failure to serve the defendant with a copy of the summons ten days before court a sufficient ground for dismissal. The act of October 17, 1885 (Acts 1885, p. 103), provides that if the process of any court of this State shall not be served in time, it shall go over to the next term, which shall be considered the appearance term of the case. *Judgment affirmed.*