## MITCHELL *v.* SOUTHERN RAILWAY COMPANY.

Civil Code, § 2334, fixing the venue of suits against railroad companies, applies to foreign as well as domestic corporations.

Argued October 13, — Decided October 30, 1903.

Action for damages. Before Judge Hodges. City court of Macon. June 23, 1903.

*Joseph H. Hall*, for plaintiff.
*Dessau, Harris & Harris*, for defendant.

TURNER, J. George Mitchell, a citizen of the State of Georgia and resident of the county of Bibb, brought suit in the city court of Macon, and in his petition alleged, 1st, that the Southern Railway Company, a foreign corporation, which was chartered under the laws of the State of Virginia, but which has an office and place of business in the county of Bibb, and is engaged in the State of Georgia in operating railroads for public use, and owns and oper-

ates in said State long lines of railway and carries on the business with the public generally of a common carrier of freight and a carrier of passengers, solely under authority of the charter granted in the State of Virginia, has injured and damaged petitioner in the sum of two thousand dollars; 2d, that on the 9th day of February, 1903, he was employed by said railway company as a porter of a passenger-train of said company, which train ran over the road of the said Southern Railway Company in the State of Georgia between the cities of Atlanta and Macon, in said State; 3d, that on said day, at about 5 o'clock in the afternoon, the train on which he was employed and on which he was at that time being transported by the said Southern Railway Company by reason of his employment by said company, and while in the discharge of his duty to said railway company, came in collision with another train of said company being run on said road by said company, said collision occurring in the State of Georgia about forty miles north of the city of Macon and at a station on said road between Macon and Atlanta known as Jackson; 4th, that he had no connection with the management or control of the train on which he was riding at the time, or with the train which came in collision therewith; 5th, that said collision was brought about by the gross and criminal carelessness and negligence of the employees of said road in charge of said freight-train, and at the time said collision occurred and petitioner was injured he was entirely free from fault; 6th, that the duties required of him by said railway company compelled him to stand at or near the door of the second-class car while the train was in motion, and at the time said collision took place, by reason of the great force of the same, the door was thrown open and struck him in the face, throwing him with his back across an arm of a seat in said car, and when he attempted to rise he was again thrown over the arm of the opposite seat; 7th, that he received a severe injury; etc., the same being permanent in character, and he is suffering great mental and physical pain and anguish by reason thereof; 8th, that he was, at the time of receiving said injury, capable of earning and was earning the sum of thirty-five dollars per month, etc.; and 9th, that at the time he was injured he was entirely free from fault, and the injury sustained by him was caused solely by the negligence of said Southern Railway Company, its agents and employees; wherefore, he prayed

that process might issue, etc.    The defendant filed a demurrer to the plaintiff's declaration, because, 1st, it appears from the allegations of the plaintiff's petition that the court is without jurisdiction to try said cause; 2d, it appears from the allegations of plaintiff's petition that said suit should have been brought in the county of Butts, State of Georgia.    The plaintiff filed in the court below a statement as follows:    "It is admitted, for the purposes of the hearing on this demurrer, that the accident complained of occurred in Butts county, and the defendant has an agent in that county." On the hearing the court sustained the demurrer and dismissed the case in a judgment in which the judge recited the reasons which actuated his decision, with considerable care and learning, and the plaintiff excepted.

This court has held that an agreed statement of facts which neither amends nor purports to amend the declaration can not be considered as covered by a demurrer.   *Constitution Publishing Co.* v. *Stegall,* 97 *Ga.* 405; *Augusta & Savannah R. Co.* v. *Lark,* Id. 800; *Chicago Building Co.* v. *Talbotton Co.,* 106 *Ga.* 88; *Sasser* v. *Adkins,* 108 *Ga.* 231; *Anderson* v. *Lumber Co.,* 110 *Ga.* 263; *Candler* v. *Kirkland,* 112 *Ga.* 459; *Pattillo* v. *Jones,* 113 *Ga.* 333.   It might, therefore, be contended that the court could not consider, in this connection, the admission by the plaintiff in error, as hereinbefore recited.   But inasmuch as the section of the code which we think governs this matter provides that any judgment rendered in any other county than the one in which the cause of action originated shall be utterly void, this admission may have been considered by the court in determining whether it should do a vain thing.

Civil Code, § 2334, is to this effect: " All railroad companies shall be sued in the county in which the cause of action originated, by any one whose person or property has been injured by such railroad company, its officers, agents, or employees, for the purpose of recovering damages for such injuries; and also on all contracts made or to be performed in the county where suit is brought; any judgment rendered in any other county than the one in which the cause so originated shall be utterly void.   But if the cause of action arises in a county where the railroad company liable to suit has no agent, then suit may be brought in the county of the residence of such company."    We have read the

interesting history which counsel for the plaintiff in error gives of this section of the code and the ingenious argument which he bases on that history ; but we think that this statute declares the policy of the State as to suits against all railroad companies, foreign as well as domestic.  If our courts can entertain suits (not attachments) against foreign railroad companies by virtue of our laws, we see no reason why the General Assembly can not regulate the venue of such suits.   And if there is any reason why the State should provide that suits against domestic railroads for injuries should be brought in the county in which the cause of action originated, the same reason would seem to apply to all railroads doing business in the State.   Can there be any good reason why the venue of suits against the Central of Georgia Railway Company, a domestic corporation, should be governed by a different rule from that which should apply to similar suits against the Southern Railway Company ?   But whatever significance may attach to the reason of the law, the plain words of the statute embrace all railroads.   We do not feel at liberty to make an exception where the General Assembly has made none.   This court will recognize judicially that Jackson is in Butts county, in this State. See *Perry* v. *State*, 113 *Ga.* 938, and cases cited.   Without regard to the special admission made by the plaintiff in error and filed in the court below, it should be stated that there is no averment in the petition that the defendant corporation has no agent in the county of Butts.    Therefore, under the law we have cited, it would seem that the proper court of Butts county has exclusive jurisdiction of a suit claiming damages for the injury alleged. It may properly be added that if a case should arise against a foreign corporation operating the franchise of a corporation chartered by this State, on a tort originating, or on a contract made or to be performed, in a county in which the corporation has no agent, section 1863 of the Civil Code would seem to afford a sufficient remedy.    See also *Alabama Great Southern R. Co.* v. *Fulghum*, 87 *Ga.* 263 ; *Williams* v. *E. T., V. & Ga. Ry. Co.*, 90 *Ga.* 519 ; *Hazlehurst* v. *Seaboard Air-Line Ry.*, 118 *Ga.* 858, post.

*Judgment affirmed.    All the Justices concur.*