## HAZLEHURST *v.* SEABOARD AIR-LINE RAILWAY.

1. For any cause of action arising in this State foreign railroad companies are subject to suit by attachment or in personam, but the trial in every such case must be in the county designated by the Civil Code, § 2334.
2. Where a contract was made in Stewart county to transport goods to Toronto, Canada, the city court of Macon had no jurisdiction of a suit, begun by attachment, for the breach of the contract of shipment.

Argued October 7, — Decided October 31, 1903.

Attachment.    Before Judge Felton.    City court of Macon. March 9, 1903.

*Steed & Ryals* and *Roland Ellis*, for plaintiff.
*E. A. Hawkins*, for defendant.

LAMAR, J.    The plaintiff brought suit by attachment against the Seabroad Air-Line Railway as a non-resident corporation, making the same returnable to the city court of Macon.    The declaration on the attachment claimed damages for the breach of a contract to ship a car-load of fruit from Richland, in Stewart county, to Toronto, Canada.    The defendant filed a plea to the jurisdiction, on the ground that under the provisions of the Civil Code, § 2334, the suit could only be maintained in Stewart county, where the cause of action arose.    The plaintiff insists that this section applies to causes of action in personam, and does not change the law authorizing suits in attachment to be brought against foreign railroad companies in any county where any of its property subject to levy may be found.

If the plaintiff's contention be correct, the policy underlying the act of 1892 can be easily defeated by bringing the defendant into court by attachment instead of by ordinary process, and all attachments against foreign railroad companies might be returned to one county, and its citizens be thereby taxed with the expense of determining causes of action arising in other counties in this

State.    Considering the old law, the mischief, and the remedy (Pol. Code, § 4, par. 9), we think that section 4527 and the last clause of 4518 as to attachments, and section 2334 as to suits against "all railroad companies," are to be construed together. While a plaintiff may secure a lien against a foreign railroad, the attachment itself must be returned to the court having jurisdiction under § 2334, thus preserving the rights of the parties as well as of the public.    On general principles, and now under the express provisions of the Civil Code, § 1863, a foreign railroad company operating the franchise of a corporation chartered by this State is subject to its burdens, and "can be sued when and where and for like causes for action for which suits could have been maintained against" the domestic company.    Thus the non-resident company can be sued in the county in which the cause of action arose, or the contract is to be performed; or if there is no agent, then in the county of the principal office of the domestic company whose property has been leased or purchased.    A foreign railroad corporation is therefore within the purview of every provision of the act of 1892.    That statute makes no distinction as to how the suits begin — whether by petition and process, or by the levy of an attachment, — but refers to "any judgment" in any suit against "all railroad companies."    Nor is it unusual to fix the venue where attachment suits shall be determined.    If a citizen of Georgia should subject himself to this writ because he was removing his property, the case could not be tried in any other county than that of his residence, even though the property levied on was located outside of its limits.    Civil Code, § 4518.    So, too, the General Assembly had the undoubted right to permit attachment suits against foreign railroad companies, on causes of action arising in this State, to be tried anywhere within its limits, or it could require them to be determined in a particular county.    This it has done by the act of 1892.    Civil Code, § 2334.    The plea to the jurisdiction was therefore properly sustained; and the judgment is ·                    *Affirmed.    All the Justices concur.*