COAKLEY <em>v.</em> SOUTHERN RAILWAY COMPANY.

SIMMONS, C. J. 1. An action for personal injuries against a railroad company, foreign or domestic (*Mitchell* v. *Ry. Co.*, 118 *Ga.* 845; *Hazlehurst* v. *Railway*, 118 *Ga.* 858), must be brought in the county in which the cause of action originated, if such company have an agent in that county; and a judgment rendered in any other county is utterly void. Civil Code, § 2334.

2. If the company have no agent in the county in which the cause of action originated, the action may nevertheless be brought in that county, the court having power to perfect service upon the defendant. *Devereux* v. *Atlanta R. Co.*, 111 *Ga.* 855; *Mitchell* v. *Railroad*, 75 *Ga.* 398.

3. Where there is no agent in the county in which the cause of action originated, if the company be a domestic corporation, suit may be brought in the county of the residence of the defendant; or if it be a foreign corpora-

tion leasing or operating a domestic franchise, suit may be brought in the county of the residence of the company owning the franchise. Civil Code, §§ 1863, 2335. If, however, it be a foreign corporation not operating under a domestic franchise, it has no residence in this State, within the meaning of the Civil Code, § 2334, and the action, if brought in this State, must be brought in the county in which the cause of action originated, whether the defendant have an agent in that county or not. .

*Judgment affirmed. All the Justices concur.*

Argued July 14,—Decided August 12, 1904.

Action for damages. Before Judge Sparks. City court of Brunswick. October 23, 1903.

Coakley sued the Southern Railway Company in Glynn county, on account of personal injuries from the derailment of the defendant's train, on which he was a passenger, while it was running on the tracks of the Atlantic Coast Line Railroad Company, in Liberty county, Georgia. The petition alleged that "the Southern Railway Company is, and was," at the time the injury occurred, "a non-resident railroad corporation, incorporated under the laws of Virginia, and with its home office in that State. It has an office, agent, agency, and place of doing business in Glynn county, Georgia. Said defendant has no office, agent, or agency in Liberty county, Georgia." The court sustained a demurrer on the ground, among others, of want of jurisdiction.

Citations by counsel, in addition to those in the decision: *Ga. R.* 90/520; 91/222; 94/780; 49/355; 66/558; 77/585; 79/234; 112/655; Hutch. Car. § 514.

*Toomer & Reynolds*, for plaintiff.
*Kay, Bennet & Conyers*, for defendant.