FRIEDMAN *v.* SEABOARD AIR-LINE RAILWAY.

A suit for damages against a railway company for the breach of a contract of affreightment may, under the provisions of the Civil Code, § 2334, be brought either in the county in which the contract was entered into, or in the county wherein the carrier undertook to render full performance by delivery of the shipment in good order to the consignor or the person designated by him to receive the same. .

Argued November 13,—Decided December 21, 1905.

Action for damages. Before Judge Cann. Chatham superior court. March 23, 1905.

A suit for damages was brought by Samuel Friedman against the Seaboard Air-Line Railway Company, the allegations of fact upon which the plaintiff relied for a recovery being, in brief, as follows: On January 22, 1904, the plaintiff shipped from Dublin, in this State, via the Macon, Dublin and Savannah Railroad, to Vidalia, the point at which that road connects with the defendant's line of railway, a car-load of cattle, consigned to plaintiff at Savannah, Chatham county, Ga. The defendant received this car of cattle in the afternoon of January 22, in good order, from the Macon, Dublin and Savannah Railroad Company, and then and there undertook to ship and transport the same to Savannah with reasonable dispatch and care, and there deliver the cattle to plaintiff in good order. In the ordinary course of transit, if defendant had performed its duty, the cattle would have been delivered to plaintiff not later than Saturday morning, January 23; but the defendant failed to perform its duty to transport the cattle within a reasonable time over its route from Vidalia to Savannah, and, contrary to its legal duty and in violation of its contract as a common carrier, permitted the cattle to remain in the car from the time it received the same till Sunday morning, January 24, although the distance from Vidalia to Savannah is only about eighty miles. In consequence of the cattle being in transit for something like forty-one hours, instead of from twelve to sixteen hours, within which time they should have been carried, seven head were missing. The plaintiff was advised on Sunday morning of the arrival of the car, and went to inspect the cattle. He found them in bad condition, as a result of the acts of the defendant, and refused to accept the shipment, but was prevailed on by the company's agent to do so upon his assurance that the defendant would pay the damages. On opening

the car, the plaintiff found that "in addition to the seven head that had been destroyed," the other cattle had sustained injuries caused by bruises and by loss of rest, feed, and water.    Some of them died, some had fever, and others were so badly injured and bruised as to necessitate feeding and pasturing them before putting them on the market.    Though the car arrived in Savannah about midnight on Saturday, the defendant permitted the cattle to remain in the car till late Sunday morning, notwithstanding some of them were down in the car and unable to get up and were being trampled on and bruised and injured.    The defendant company acted in bad faith in refusing to pay his claim for damages after having induced him to pay the freight and accept the shipment upon the assurance that the damages would be paid.

The defendant demurred to the petition, one of the grounds of the demurrer being that it appeared from the plaintiff's pleadings that the alleged cause of action did not arise in Chatham county, in which county the suit was brought, but arose in the county of Montgomery, and therefore jurisdiction over the cause of action, if one existed, was lodged exclusively in the superior court of Montgomery county.    The plaintiff having announced his election to treat the action as one arising ex contractu, the court passed upon the demurrer and sustained that ground of it which invoked a decision as to the jurisdiction of the court to entertain the suit.    To this judgment dismissing the action the plaintiff excepts.

*W. B. Stubbs* and *Osborne & Lawrence,* for plaintiff.

*J. Randolph Anderson,* for defendant.

EVANS, J.   (After stating the facts.)   The allegations of the petition sufficiently set out a contract and a breach thereof, as against a demurrer raising the sole question of venue.   The plaintiff construed his own petition to state a cause of action arising ex contractu, and the court, adopting this construction, held that the defendant was not suable in Chatham county, and dismissed the action.

The Civil Code, §2334, provides that "All railroad companies shall be sued in the county in which the cause of action originated, by any one whose person or property has been injured by such railroad company, its officers, agents or employees, for the purpose of recovering damages for such injuries; and also on all contracts made

or to be performed in the county where suit is brought; any judgment rendered in any other county than the one in which the cause so originated shall be utterly void. But if the cause of action arises in a county where the railroad company liable to suit has no agent, then suit may be brought in the county of the residence of such company." By the terms of this section, a railroad company must be sued in the county where the tort was committed, if the company has an agent in that county. *So. Ry. Co.* v. *Johnson, 96 Ga.* 655; *Coakley* v. *So. Ry. Co.,* 120 *Ga.* 960. If the action is ex contractu, then the venue is either the county where the contract was made or the county where the final act of execution of the contract was to be performed. Unless we give this meaning to the words of the statute, "contracts made or to be performed," they will not receive their ordinary signification. No question as to the meaning of so much of this section as relates to the venue of actions arising ex contractu seems to have been heretofore raised in this court. We have not been cited to a single case where a construction of this part of section 2334 was invoked. The case of *Mitchell* v. *Georgia Railroad,* reported in 68 *Ga.* 644, was a suit against the railroad company on a written contract for the shipment of live stock from Atlanta, in Fulton county, Ga., to Union Point, a station located in Greene county. The suit was brought in Greene county, where full performance of the contract was to be completed by delivery of the shipment to the consignee. The plaintiff offered an amendment to the petition, which was disallowed; and on an exception to the ruling of the trial judge refusing the amendment, Speer, J., on page 648, said: "Railroad companies are liable to be sued not only in any county where the cause of action originated, but also on all contracts made or to be performed in the county where the suit is brought. The suit upon the written contract or upon the cause of action arising therefrom, as the contract was to be performed in Greene county, was properly brought in that county." This decision was rendered before the amending act of 1892, but the only change made in the law by that act was to strike out the provision that railroad companies should be "liable" to suit in certain jurisdictions, and to introduce in its stead the requirement that railroad companies "shall" be sued, if at all, only in those counties wherein the filing of an action is expressly authorized. In other words, while under the old law the right to sue in certain designated jurisdictions

was permissive, the amending act made the choice of venue compulsory. We hold the clear import of the Civil Code, §2334, as applied to suits against railroad companies for breach of contract, to be that suit may be brought either in the county where the contract was entered into, or in the county where the final act of performance under the contract was to be consummated.

The petition alleged that the contract entered into by the railroad company was an undertaking to transport the cattle from Vidalia to Savannah, in Chatham county, and there deliver the same to the plaintiff, the person who made the contract. It follows that the suit for the breach of this contract was properly brought in the county where the delivery in good order was to be made,—where the contract was to be performed.

*Judgment reversed. All the Justices concur.*