670. LYTLE *et al. v.* SOUTHERN RAILWAY COMPANY.

A suit ex delicto against a non-resident railway company, arising out of its failure to deliver safely a shipment of goods at a point in another State, may be brought in any county in this State in which legal service of process can be made.

Action for damages, from city court of Floyd county—Judge Hamilton. June 13, 1907.

Argued November 25,—Decided December 9, 1907.

*M. B. Eubanks,* for plaintiffs. *Shumate, Maddox & McCamy, George A. H. Harris & Son,* for defendant.

POWELL, J.  Lytle and Shead brought suit against the South-·ern Railway Company, in the city court of Floyd county, alleging, that the defendant was a common carrier, having an office and agent in said county; that in November, 1905, the plaintiffs delivered to said railway company at Rome in said county a carload of cattle, which it accepted and agreed to transport to Tampa, Florida; and "said cattle were consigned to and to be delivered to said plaintiffs at Tampa, Florida, but, . . notwithstanding that two Jersey cows and four calves were delivered to said company and placed on board the cars of said company at Rome, Georgia, the said company failed to deliver the same to petitioners at Tampa, Florida, or at any other place, and failed and refused to account to petitioners for said cows and calves or to pay them therefor.  Petitioners are unable to state what the said company did with said cows and calves, but petitioners show that the said company disposed of said cattle in some way unknown to petitioners, and failed and refused to deliver the same to petitioners, and failed to pay petitioners the market value thereof."  The plaintiffs proved their case as alleged in the petition, except that they showed that when they delivered the shipment to the agent at Rome, they gave information that they would desire to add to it as it passed through Atlanta.  No bill of lading was issued until the cattle arrived in Atlanta.  The freight was paid from Rome to Atlanta.  Upon their arrival in the latter city the cattle were unloaded and fed and several more cows were added to the shipment. Although the bill of lading was issued in Atlanta, one of the plaintiffs testified that he made a through contract from Rome to Tampa; and that all of the lost cattle were shipped from Rome.  The court granted a nonsuit, on the ground that the venue was not shown.

Our statute fixing the venue of suits against railway companies is found in section 2334 of the Civil Code of 1895, as follows: "All railroad companies shall be sued in the county in which the cause of action originated, by any one whose person or property has been injured by such railroad company, its officers, agents or employees, for the purpose of recovering damages for such injuries; and also on all contracts made or to be performed in the county where suit is brought; any judgment rendered in any other county than the one in which the cause so originated shall be utterly void. But if the cause of action arises in a county where the railroad

company liable has no agent, then suit may be brought in the county of the residence of such company." The venue of all cases not falling within the provisions of this section is governed by the general law. The Southern Railway Company is a non-resident corporation. Such corporations are within the purview of this section, as to contracts made and torts committed in this State. *Hazlehurst* v. *Seaboard Air-Line Ry.*, 118 *Ga.* 858 (45 S. E. 703); *Mitchell* v. *Southern Ry. Co.*, 118 *Ga.* 845 (45 S. E. 703); *Coakley* v. *Southern Ry. Co.*, 120 *Ga.* 960 (48 S. E. 372). The statute, however, does not cover the case of a tort committed in another State, by a non-resident corporation. *South Carolina R. Co.* v. *Dietzen*, 101 *Ga.* 730 (29 S. E. 292); *Reeves* v. *Southern Ry. Co.* 121 *Ga.* 561 (49 S. E. 674, 70 L. R. A. 513).

The trial court evidently took the view that from Rome to Atlanta there was one complete shipment; from Atlanta to Tampa another. While the evidence was such that we do not think the court was justified in holding this to be so as a matter of law, for there was evidence from which the jury could have concluded that as to the cattle lost a through contract was made from Rome to Tampa, yet it is not material whether the contract was made in Rome or in Atlanta; because the action is not based upon the contract. It is elementary that a shipper may elect, in case the carrier loses the goods, between suing upon a breach of the contract of carriage, in which event his suit takes all the incidents of actions ex contractu, or upon the wrong arising from the carrier's breach of public duty, in which event the suit takes all the incidents of actions ex delicto. When a petition can be construed either as a suit on contract or as an action for a breach of duty arising out of the contract, and the plaintiff has not been required to relieve the duplicity by demurrer, the latter construction, at least in cases where it is necessary to sustain the plaintiff's action, will be adopted. *Seals* v. *Railway Co.*, 102 *Ga.* 820 (29 S. E. 116); *Central Ry. Co.* v. *Chicago Portrait Co.*, 122 *Ga.* 11 (49 S. E. 727, 106 Am. St. R. 87); *King* v. *Southern Ry. Co.*, 128 *Ga.* 288 (57 S. E. 507); *Central R. Co.* v. *Pickett*, 87 *Ga.* 734 (13 S. E. 750). The suit is none the less ex delicto because a contract is alleged by way of inducement or as showing the relation existing between the parties. *Rushin* v. *Central Ry. Co.*, 128 *Ga.* 726 (58 S. E. 357); *Georgia Southern Ry. Co.* v. *Pearson*, 120 *Ga.* 284 (47 S.

E. 904). In this case, the defendant having agreed to safely deliver the cattle to the plaintiff at Tampa, Florida, a breach of legal duty, occasioned by the failure to deliver, arose in that city. *Friedman* v. *Seaboard Air-Line Ry.*, 124 *Ga.* 472 (52 S. E. 763); *Askew* v. *Southern Ry. Co.*, 1 *Ga. App.* 79 (58 S. E. 242); *Southern Ry. Co.* v. *Montag*, 1 *Ga. App.* 649 (57 S. E. 933). The gravamen of the complaint is not any particular act of negligence by which the cattle were lost, but the legal wrong of failing to deliver at the destination. *Louisville & Nashville R. Co.* v. *Warfield*, 129 *Ga.* 473 (59 S. E. 234). Possibly the venue might be laid upon the basis of a tort committed in the place where the cattle were actually lost or destroyed; but, if so, this is cumulative. See *Central Ry. Co.* v. *Chicago Portrait Co.*, supra; *Parris* v. *Atlanta, K. & N. R. Co.*, 128 *Ga.* 434 (57 S. E. 692); *Central Ry. Co.* v. *Dorsey*, 116 *Ga.* 722 (42 S. E. 1024); *Atlantic Coast Line R. Co.* v. *Powell*, 127 *Ga.* 805 (56 S. E. 1006, 9 L. R. A. (N. S.) 769); *Southern Ry. Co.* v. *O'Bryan*, 112 *Ga.* 130 (37 S. E. 161). The plaintiff having sued on a cause of action ex delicto which arose beyond the limits of the State, and the defendant being a non-resident, the suit could be maintained in any county where service could be perfected. See *Bell* v. *N. O. & N. E. R. Co.*, 2 *Ga. App.* 813 (59 S. E. 102).          *Judgment reversed.*