468. BROOKE *v.* LOUISVILLE AND NASHVILLE RAIL-
ROAD COMPANY *et al.*

In a suit for a tort, under the Civil Code, § 2298, it must affirmatively appear, from the evidence or from inference reasonably deducible from the evidence, that the cause of action originated in the county where the suit is filed. There being no such evidence in this case, the suit was properly dismissed because jurisdiction was not shown.

Action for damages, from city court of Atlanta—Judge Reid. March 18, 1907.

Argued October 31, 1907.—Decided January 29, 1908.

*Payne, Jones & Jones,* for plaintiff.

*Joseph B. & Bryan Cumming, Sanders McDaniel,* for defendant.

HILL, C. J. The plaintiff in error shipped a car-load of corn from Nashville, Tenn., to his order, "notify R. C. Robson," at Milledgeville, Ga. When the corn arrived at Milledgeville it was refused by the party to be notified, because of its damaged condition; and this suit is brought against the defendants in error, as the last connecting carrier receiving the corn as in good order. The plaintiff's petition contains two counts. The first count is framed under § 2298 of the Civil Code, which authorizes the recovery of damages from the last connecting carrier receipting for

the goods as in good order.  The second count is for the conversion of the corn by the defendants in error, because they allowed the consignee at Milledgeville to examine the car without surrendering the bill of lading, and to haul one load from the car, their agent at said point of destination having required a deposit covering the draft drawn by the shipper on the consignee in lieu of the surrender of the bill of lading.  At the close of the plaintiff's evidence, the court granted a nonsuit, on the ground, as expressed in the order, that "the jurisdiction of the city court of Atlanta was not shown."

Both of the counts in the petition are clearly ex delicto.  Section 2334 of the Civil Code makes an exception to the general rule as to the venue of suits, by declaring, that "all railroad companies shall be sued in the county in which the cause of action originated, by any one whose person or property has been injured by such railroad company, its officers, agents, or employees, for the purpose of recovering damages for such injuries; and also on all contracts made or to be performed in the county where suit is brought; any judgment rendered in any other county than the one in which the cause so originated shall be utterly void.  But if the cause of action arises in a county where the railroad company liable to suit has no agent, then suit may be brought in the county of the residence of such company." *Lytle* v. *Southern Ry. Co.*, 3 *Ga. App.* 219 (59 S. E. 595) ; *McCall* v. *Central Ry. Co.*, 120 *Ga.* 602 (48 S. E. 157).  The defendants in error, as lessees of the Georgia Railroad, are sued in this case for the alleged injury to plaintiff's personal property.  If the injury was done in this State, under this section of the code the suit must be brought in the county where the cause of action arose; and inasmuch as a judgment rendered in any other county than that in which the cause of action arose would be absolutely void, it must affirmatively appear, from the testimony of the plaintiff, either that the damage to his property was done outside of the State of Georgia, or, if done in the State, that it was done in Fulton county, where this suit was brought; and this would be true although the railroad company alleged to have done this injury was a foreign corporation.  This is well settled.  *Southern Ry. Co.* v. *Brock,* 115 *Ga.* 721 (42 S. E. 65) ; *Mitchell* v. *Southern Ry. Co.*, 118 *Ga.* 845 (45 S. E. 703) ; *Coakley* v. *Southern Ry.*

*Co.,* 120 *Ga.* 960 (48 S. E. 372) ; *Hazlehurst* v. *Seaboard Air-Line Ry.,* 118 *Ga.* 858 (45 S. E. 703).

On the first count of his petition the imperative burden being therefore upon the plaintiff to show that the injury to his property occurred in Fulton county, if there was no evidence introduced by him, direct or circumstantial, which proved this fact, or tended to show the fact by a fair and reasonable inference from the facts proved, the judgment of the court that the jurisdiction was not shown was required. This necessitates a brief review of the evidence. The corn was shipped from Nashville, Tenn., and passed through a number of counties in Georgia before it was received by the defendants in error at Atlanta. In Atlanta it was received by the defendants in error and receipted for as in good order, and was thereupon transported to its destination at Milledgeville, Ga. When it arrived at Milledgeville, it was refused by the consignee because the corn was in bad condition. The consignor was at once notified by the defendants in error of this refusal, and he thereupon directed the agent of the carrier at Milledgeville to reconsign the corn to him at Atlanta. When it arrived in Atlanta it was examined by an agent of the consignor and found in a damaged condition, and was thereupon sold for the purpose of reducing the claim for damages. From the time of its reception at Atlanta by the defendants in error as in good order and its return from Milledgeville back to Atlanta in bad order about a month elapsed. The only evidence as to the cause of its damaged condition when received at Milledgeville was the opinion of the expert of the company that it was shipped at Nashville before it was cured. When it arrived in Atlanta from Milledgeville, according to the testimony, it was even in a worse condition than when examined at Milledgeville, and a leak in the car, through which the water ran on to the corn, was the reason given for the damaged condition. There was no evidence indicating how or when this leak in the car was caused. When the corn left Atlanta the defendants receipted for it as in good order. This receipt is conclusive against the company, and is an affirmative fact on the question of jurisdiction. When the corn reached Milledgeville, it was in bad order; the presumption therefore naturally arises that its condition had changed from the time of its reception in Atlanta to the time of its delivery to its destination

at Milledgeville. The railroad runs through several counties between Fulton county and Baldwin county, and it is impossible to say, or to infer from the evidence, in what county the leak occurred and the damage was done to the corn. It is contended with much force by the very able attorney for plaintiff in error that there was sufficient evidence of a circumstantial character to go to the jury, tending to show that the cause of action originated in Fulton county. This contention is based upon the testimony of an expert that, in his opinion, if the corn was in good order in Atlanta and the car in which it was shipped was in good condition, the time intervening between its shipment from Atlanta to Milledgeville and its return to Atlanta was not sufficient to have caused the extent of the damage to the grain. It is contended that the damage must, therefore, have originated in Atlanta, or at least the jury might so infer. It is conceded by counsel for the defendants in error that if the car was defective when received by them, or if the corn was then in a damaged condition, the jurisdiction of the city court of Atlanta would attach. We think the inference which counsel for the plaintiff in error attempted to draw from this testimony is not supported by the testimony itself. It is true this expert witness states that in his opinion the corn would not have germinated in the thirty days if it was sound when shipped and if it was shipped in a dry car. He does not state that the corn would not have germinated in a much shorter time, although sound when shipped, if the car had become defective and the water had run in on the corn.

The plaintiff in error relies upon the decision of the Supreme Court in *Central R. Co.* v. *Pickett*, 87 *Ga.* 734 (13 S. E. 750), in support of his contention that the defendants are liable to suit for the damage in Fulton county, if the jury could infer from the testimony of the expert that the defective condition of the car existed in Fulton county when the defendants in error received the car from their connecting line, as this defective condition contributed to the injury of the corn. This would unquestionably be true if such an inference could be fairly and reasonably drawn from the testimony; but, as stated, we think such an inference could not be reasonably deduced from the expert's evidence. We conclude, therefore, that there was no evidence or reasonable de-

duction from the evidence that the cause of action originated in Fulton county.

2. It is insisted in the next place by the plaintiff in error that the first count of the declaration is susceptible of being construed equally as an action upon contract or an action in tort, and that, not having been demurred to, the plaintiff would have the right to treat it as a suit upon contract (*Central R. Co.* v. *Pickett,* supra) ; and that if so construed, the city court of Atlanta would have jurisdiction of the case, as the contract was made in Fulton county. This would be unquestionably correct if the petition were sus- ceptible of such construction; but the only possible construction of this count is that it is a suit in tort 'for damages to personal property received by the last connecting carrier as in good order. Of course the plaintiff in error could have proceeded against these defendants in error upon their implied contract to safely trans- port the corn from Atlanta to Milledgeville, and suit could have been brought in such form either in Fulton county, where this contract was made, or in Baldwin county, where the contract was to be performed; or he could have sued in Baldwin county for a breach of public duty in failing to deliver the grain in good or- der; but he elected to sue in tort under the Civil Code, §2298, and on that election he must stand or fall. See also *Jenkins* v. *Seaboard Air-Line Ry., 3 Ga. App.* 381 (59 S. E. 1120).

3. The second count in the petition is for the alleged conver- sion of the corn by the defendants in error, in allowing the con- signee to unload a small portion of it. If this amounted to a conversion, the venue of the suit for such tort was in Baldwin county. Whether the conduct of the defendants in error amounted to a conversion is not now for consideration, the question being only one of jurisdiction.       *Judgment affirmed.*