## 2283. WRIGHT *v.* SOUTHERN RAILWAY COMPANY.

1. Where a common carrier contracts to transport goods from one point to another and fails to do so within a reasonable time, the party injured has the option of suing ex contractu for the breach of the contract of carriage, or ex delicto for the tort arising from the breach of the legal public duty imposed upon it through the law and the contract.

2. By the Civil Code of 1895, §2334, suits ex contractu against railway companies must be brought either in the county where the contract was made or in the county in which it was to be performed,—that is, on a contract for the transportation of goods, the suit is to be brought at the place where the contract was made or where the goods were to be finally delivered. In suits ex delicto the action is to be brought in the county where the cause of action originates; and if the cause of action originates through the failure of the public duty of delivering within a reasonable time, the tort is presumed to have been committed at the point of destination.

3. Civil Code, §2334, does not cover the case of a tort committed in another State by a non-resident corporation. Hence, in an action ex delicto against a non-resident railroad corporation for failing to transport goods from a point in this State to a point in another State, the cause of action, in legal contemplation, is considered as arising in the latter State, and the venue may be located in any county in this State in which service may be obtained.

Action for damages; from city court of Macon—Judge Hodges. October 16, 1909.

Argued February 22,—Decided March 11, 1910.

*Guerry, Hall & Roberts,* for plaintiff.

*Harris & Harris,* for defendant.

POWELL, J. Wright delivered to the Southern Railway Company (a non-resident corporation) at one of its stations in Crawford county, Georgia, a shipment of cotton to be transported to

Charleston, South Carolina. It was unreasonably delayed in the transportation, and loss ensued to the plaintiff. His action for the recovery of the damages was instituted in Bibb county, in the city court of Macon, and service was effected upon the company's agent in that county. The action was dismissed on demurrer, on the ground that the court had no jurisdiction of the case,—that the suit should have been instituted in Crawford county, and not in Bibb.

1. There is no need to elaborate the proposition that where a railroad company undertakes the transportation of goods and fails in the duty, by not delivering them in good order, or by not delivering them with reasonable promptitude, and in all similar cases, the party injured has the option of suing ex contractu for a breach of the contract of carriage, or of suing ex delicto for a breach of the public duty imposed by law upon the carrier, by virtue of its having made the contract, and by virtue of the nature of its calling.

2. Generally the form of the action adopted by the plaintiff in such cases determines the venue. By the provisions of the Civil Code of 1895, §2334, if the suit is upon the contract, it must be brought in the county in which the contract is made or in which it is to be performed; and as to shipment of goods, the performance referred to is the delivery at destination. *Friedman* v. *Seaboard Air-Line Ry.*, 124 *Ga.* 472 (52 S. E. 763). If the action sounds ex delicto the suit must be instituted in the county in which the cause of action originated. Where does the cause of action ex delicto originate in case of a breach of the public duty imposed upon a common carrier to transport goods and to deliver them at destination without unreasonable delay? In *Lytle* v. *Southern Ry. Co.*, 3 *Ga. App.* 219 (59 S. E. 595), we held that the breach of public duty in such cases occurs, in legal contemplation, in the county in which the safe, prompt delivery of the goods should have taken place,—that is, at the place of destination of the shipment. This seems to be the correct view. The physical detention of the goods at any particular point along the line is not, accurately speaking, the cause of action sued on, though such a physical detention may be the means through which the legal wrong (failure to deliver promptly at destination) arose. That the physical detention is not the cause of action may be shown thus: Say that it should be established to the satisfaction of the jury that a reasonable time

to transport a shipment of goods from Atlanta to Macon would be three days, and the company detained the goods in Atlanta for two days and a half. Still, if, by extraordinary exertions, the carrier got the goods to Macon before the end of the third day, there would be no cause of action. The mere fact that there was unreasonable delay at one point along the route of shipment would not constitute a legal wrong, under the circumstances. The delay is merely the resultant of such physical detentions along the line of transportation as may have not been overcome by an increase of activity at other times and places while the shipment was moving. The delay may arise through the entire stoppage of the goods, or merely because the train ran too slow. Suppose the delay in question arose out of a transportation of goods from Atlanta to Macon, would it do to say that because the train ran too slowly all the way, the plaintiff should have the right to sue in any county through which the slow train passed? This is manifestly not what the legislature intended. On the other hand, would it do to say that the legislature intended to compel the plaintiff to follow the shipment and to be so informed as to how, and when, and where the train stopped, and how, and when, and where it ran too slow, as that he could fix the venue of his action at the point where the longest detention or the greatest retardation of the movement occurred? Take the present case. The defendant says that the suit should have been located in Crawford county, because the carrier received the goods for shipment there; and yet, so far as the petition discloses, the carrier may have transported the goods beyond the limits of that county in less than an hour after it received them. It seems to be a logical necessity to hold that the cause of action ex delicto for delay in shipment arises, within the purview of section 2334 of the Civil Code and within the purview of our whole system of fixing venue, at the point of delivery.

3. Section 2334 of the Civil Code, however, refers only to causes of action originating in this State, so far as non-resident corporations are concerned. Whether it has any applicability at all to non-resident corporations is another point raised by counsel for the plaintiff in error, but it is not necessary to decide that in this case. There is no doubt upon the proposition that in a cause of action against a non-resident railroad company, originating beyond the limits of this State, the venue may be located in this State in

any county in which service can be perfected. *South Carolina R. Co.* v. *Dietzen,* 101 *Ga.* 730 (29 S. E. 292) ; *Reeves* v. *Southern Ry. Co.;* 121 *Ga.* 561 (49 S. E. 674, 70 L. R. A. 513) ; *Lytle* v. *Southern Ry. Co.,* supra.

We have no hesitancy in construing the petition ·in this case as presenting an action ex delicto. The allegations are such as would be naturally expected in an action ex delicto, the contract being alleged merely by way of inducement. If there were any doubt as to this proposition, since the plaintiff was not required by special demurrer to relieve the ambiguity, we would have construed it to be an action ex delicto. If it be doubtful whether an action in this character of cases is proceeding upon tort or upon breach of contract, the court should, in the absence of a special demurrer pointing out the ambiguity and requiring the plaintiff to relieve it, construe the petition so as to uphold the jurisdiction and so as to uphold the action, rather than to defeat them. This rule and the rule which requires that the allegations of the petition be construed against the pleader rest upon the same basal consideration,—the presumption that every pleader intends to state his case most advantageously to himself, so far as the facts within his possession will enable him to do so. It will be no more presumed that the petitioner intended to allege a cause of action which could avail him nothing, because his suit was instituted in the wrong jurisdiction, than it will be presumed that the plaintiff had a good cause of action which the allegations of his petition, by reason of omission of facts, fail to substantiate. It is perfectly reasonable and in accordance with common sense to assume, for all juridic purposes, that the plaintiff is trying to set out his case in the strongest possible light warranted by the facts in his possession. If the court would not have jurisdiction of an action ex contractu, and the plaintiff's petition is ambiguous as regards the question as to whether he is proceeding ex contractu or ex delicto, it would be violative of the natural presumption to be indulged, as to the plaintiff's purpose in bringing the suit, to assume that he is proceeding on his contract, rather than on the tort.

Counsel for the defendant makes the suggestion that there is a conflict between the case of *Lytle* v. *Sou. Ry. Co.,* supra, and the case of *Hazlehurst* v. *Seaboard Air-Line Ry.,* 118 *Ga.* 858 (45 S. E. 703). In the *Hazlehurst* case the suit proceeded ex contractu.

The contract was made in this State, but was to be performed in Canada. The defendant was a non-resident railroad company; the action was by attachment. The court held that section 2334 of the Civil Code related to suits by attachment as well as to actions brought in the ordinary form, and that as the contract was made in a county other than that in which the suit was pending, the court was without jurisdiction. Whether the suit might have been instituted as it was, so far as the venue is concerned, on the theory that the contract was to be performed beyond the limits of the State and that the cause of action was, in that sense, non-resident, was not noticed by the court. But even if the *Hazlehurst* case is to be taken as precedent for the proposition that, if there be any county in this State in which the suit as instituted could be brought under one of the alternatives allowed by section 2334 of the Civil Code, the law will fix the venue there, rather than leave it transitory (in the sense that a non-resident can be sued wherever found and served), still there is no conflict between that decision and the proposition announced in the *Lytle* case and now being announced in this case. The cause of action sued on in the *Lytle* case was ex delicto and originated solely beyond the limits of the State. The city court of Macon was not without jurisdiction, and the court erred in sustaining the demurrer. *Judgment reversed.*