## 5837. CENTRAL OF GEORGIA RAILWAY COMPANY v. KUHNS LUMBER COMPANY.

Suit against a railway corporation on a contract must be brought in the county where the contract was made, or in which it is to be performed, or where its principal place of business is located.

DECIDED SEPTEMBER 2, 1915.

Action for damages; from city court of Springfield—Judge Farr. June 15, 1914.

*Lawton & Cunningham,* for plaintiff in error.

*Paul E. Seabrook,* contra.

WADE, J. W. T. Kuhns Lumber Company brought two suits in the city court of Springfield, Effingham county, against the Central of Georgia Railway Company, which were, by consent of counsel and by approval of the court, consolidated for trial. One of these suits was for the sum of $262.48, for a car-load of lumber delivered to the defendant at Pineora, Georgia, on January 22, 1913, and the other was for the sum of $265.16 for a car-load of lumber delivered to the defendant at the same place on January 21, 1913. The two car-loads were consigned to W. T. Kuhns Lumber Company, Savannah, Georgia, under bills of lading issued to the Pineora Manufacturing Company, from which the Kuhns Lumber Company had purchased the lumber, and which acted as agent for the purchaser in making the shipment. The Kuhns Lumber Company had instructed the Pineroa Manufacturing Company to bill the two cars of lumber direct to Baltimore, Md., and an error in billing the cars to Savannah, Georgia, instead of to Baltimore, Md., was made either by the Pineora Manufacturing Company or the defendant's agent at Pineora, and the plaintiff was unable to show who was responsible therefor. On January 24, 1913, at the request of the Kuhns Lumber Company, the Central of Georgia Railway Company issued at Savannah two new bills of lading showing the receipt from W. T. Kuhns Lumber Company at that place of two shipments of lumber consigned to W. T. Kuhns Lumber Company at Baltimore, Md., routed over the Central of Georgia Railway Company, "c/o M. & M. T. Co.," and both of these bills of lading have indorsed thereon "Reissue of Pineora, Ga., lading dated" January 21, 1913, and January 22, 1913, respectively. Neither car of lumber ever reached destination at Baltimore, Md.

Our code provides that any corporation, mining, or joint-stock company, chartered by authority of this State, may be sued on contracts in the county in which the contract sought to be enforced was made, or is to be performed, or in which it has an office and transacts business. Civil Code, § 2259. The two contracts which form the basis of these two suits were both dated and executed at Savannah, Georgia, in Chatham county, by the Central of Georgia Railway Company's agent at that place. These bills of lading constitute the only contracts between the plaintiff and the defendant, and it appears, from undisputed evidence in the case, that at the time they were executed both cars of lumber had left the county of Effingham and were in the county of Chatham. Clearly, then, the contract was made in Chatham county, and suit should have been instituted in that county, since this court must take judicial cognizance that the principal place of business of the Central of Georgia Railway Company is not in Effingham county, where the suits were brought. *Central of Georgia Railway Co.* v. *Dickerson,* 15 *Ga. App.* 293-298 (82 S. E. 942). It is true that both of the bills of lading upon which the suits were based appear to be reissues of Pineora, Georgia, bills of lading, dated respectively January 21 and 22, 1913, and the car numbers and descriptions of the shipments in the bills of lading issued at Pineora and those issued at Savannah are identical; but, on the other hand, in the Pineora bills of lading the lumber is receipted for as having been received at Pineora, Georgia, from the Pineora Manufacturing Company, whereas the bills of lading which form the essential basis of the suits receipt for the lumber at Savannah, Georgia, some days later, as having been received from W. T. Kuhns Lumber Company. The parties to the two contracts were not the same; and the two contracts made at Savannah with the Kuhns Lumber Company could not be tacked on and made to relate back to the contracts executed at Pineora with the Pineora Manufacturing Company. The record further discloses that the original contracts made at Pineora were surrendered and cancelled when the Savannah contracts were issued in lieu thereof, and for this reason the Savannah contracts can not by any possibility be tacked to the Pineora contracts. The fact that no demand was made upon the original shipper or upon the consignee for freight charges from Pineora to Savannah, before the rebilling was effected in com-

pliance with the request of the consignee, does not necessarily or of itself justify the conclusion that the defendant considered the original contracts of shipment from Pineora to be merged into the contracts executed in Savannah, or, to phrase the matter differently, that the issuance of the two bills of lading in Savannah amounted to no more than modification or enlargement of the original contracts made at Pineora. It may have been that the defendant company intended to allow the local freight charges from Pineora to ·Savannah to follow the shipments from Savannah to Baltimore, and be collected at destination; but be that as it may, the contracts upon which the suits were brought were distinct and separate from the original contracts made at Pineora; and since they were executed in Savannah, in the county of Chatham, as already said, the suits should have been filed in that county. *Wright* v. *Southern Ry. Co.,* 7 *Ga. App.* 542 (67 S. E. 272); *Friedman* v. *Seaboard Air-Line Railway,* 124 *Ga.* 472 (52 S. E. 763).

It may be further suggested that so far as appears from the record, the consideration moving the defendant company to execute the contracts made at Pineora was the freight rate from Pineora to Savannah, while the consideration supporting the contracts made at Savannah was the through rate from that point to Baltimore, Md., and these rates differ, and therefore the consideration of the contracts made at the two places likewise differs. The only contracts put in evidence by the plaintiff were the contracts executed in Chatham county; and, since these contracts were not to be performed in Effingham county, and the principal place of business of the defendant was not located in Effingham county, the proof did not show that the courts of Effingham county had any jurisdiction to try the issue involved. To put the matter in a nutshell, there were but two contracts between the plaintiff and the defendant, and both of these were executed in Savannah; and hence the suits should have been brought there for the breach of these contracts.

Since the evidence disclosed that the city court of Springfield was without jurisdiction to try these cases, the court erred in overruling the motion for a new trial.    *Judgment reversed.*