31623. GRAND TRUNK WESTERN RAILROAD COMPANY
*v.* BARGE.

DECIDED SEPTEMBER 13, 1947.

*Tye, Thomson, Tye & Edmondson,* for plaintiff in error.
*Young H. Fraser, John R. Strother,* and *W. H. Lewis,* contra.

SUTTON, C. J. James H. Barge sued out an attachment against Grand Trunk Western Railroad Company, returnable to the Superior Court of Fulton County. The attachment was levied by summons of garnishment served on certain railroad companies, who answered and set out that they had in their possession certain property or money of the defendant. The plaintiff filed in said

court a declaration in attachment, wherein he alleged that he sustained certain personal injuries as the proximate result of specified acts of negligence of the defendant while he was working for the United States Army at Conley, in Clayton County, Georgia; that the defendant was a nonresident railway corporation without an agent, office, or place of business in the State of Georgia. Judgment was sought against the defendant in the sum of $10,000 for lost wages, diminished earning capacity, physical and mental pain and suffering, and medical and hospital expenses. The defendant demurred to the declaration in attachment upon the ground that it affirmatively appeared therefrom that the Superior Court of Fulton County had no jurisdiction of the plaintiff's alleged cause of action. The judge overruled the demurrer, and the defendant excepted.

The plaintiff contends that the attachment was properly returnable to the Superior Court of Fulton County, and that it had jurisdiction of the present action under the provisions of the Code, § 8-117, which provides in part: "when the defendant resides out of the State . . if the debt sworn to exceed $100, the attachment may be made returnable to the superior court of any county." The defendant contends that the Superior Court of Fulton County did not have jurisdiction of the cause of action sued on, but that such action must be brought in Clayton County, Georgia, under the provisions of the Code, § 94-1101, which provides in part: "All railroad and electric companies shall be sued by anyone whose person or property has been injured by such railroad or electric company, its officers, agents, or employees, for the purpose of recovering damages for such injuries, in the county in which the cause of action originated. . . Any judgment rendered in any county other than the one herein designated shall be utterly void. If the cause of action shall arise in a county where the railroad or electric company liable to suit has no agent, service may be perfected by the issuance of a second original to be served upon said company in the county of its principal office and place of business, if in this State, and if not, on any agent of such company, or suit may be brought in the county of the residence of such company." Whether or not the Superior Court of Fulton County has jurisdiction of the cause of action sued on in the present case must be determined by a proper construction and applica-

tion of the statutes above mentioned, each of which is contained in the Code of 1933.

"It is well-settled law that the adoption of the Code of 1933 (Ga. L. 1933, p. 31) amounted to a re-enactment of each section as contemporary statutes of the State, and that each section should be dealt with as though it were contained in the same act of the legislature and should be construed as if it was a separate paragraph of the same statute. It is the duty of the court, where possible, to give an act such construction as will give full force and effect to all of its provisions. Code sections relating to the same subject-matter and codified at the same time should be construed, if possible, to harmonize with each other, and that construction should be adopted which will prevent a contradiction by one section of the other, so that both will be operative." *Mitchell* v. *Union Bag & Paper Corporation,* 75 *Ga. App.* 15 (42 S. E. 2d, 137); *Daniel* v. *Citizens & Southern Nat. Bank of Atlanta,* 182 *Ga.* 384 (185 S. E. 696).

An action for personal injuries against a railroad company, foreign or domestic, must be brought in the county in which the cause of action originated, if such company have an agent in that county. If, however, it be a foreign corporation, not operating under a domestic franchise, the action, if brought in this State, must be brought in the county in which the cause of action originated, whether the defendant have an agent in that county or not. *Coakley* v. *Southern Ry. Co.,* 120 *Ga.* 960 (48 S. E. 372); *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735, 739 (53 S. E. 244, 110 Am. St. Rep. 191); *Mitchell* v. *Southern Ry. Co.,* 118 *Ga.* 845 (45 S. E. 703). In the present case, it is alleged that the defendant is a foreign corporation, without an agent, office, or place of business within the State, and there is no contention or allegation that it is operating under a domestic franchise. In fact, the allegations of the petition negative any such contention.

The plaintiff contends that the provisions of the Code, § 94-1101, above quoted, do not change the law authorizing suits in attachment to be brought against foreign railway companies in any county where any of their property subject to levy or garnishment may be found. Code, § 94-1101 makes no distinction as to how the suits begin, whether by petition and process or by the levy of an attachment, but refers to "any judgment" in any suit against

"all railroad companies." While foreign railroad companies are subject to suit by attachment or in personam for any cause of action arising in this State, and the plaintiff may proceed by attachment and secure a lien on property of such a company located in this State, the attachment must be returned to and the case tried in a court having jurisdiction of the attachment in the county designated by the provisions of the Code, § 94-1101, for the trial of such a case. *Hazlehurst* v. *Seaboard Air-Line Ry.*, 118 *Ga.* 858 (45 S. E. 703). Also, see *Bracewell* v. *Southern Ry. Co.*, 134 *Ga.* 537 (68 S. E. 98).

We are of the opinion that, under a proper construction of the statutes involved in this case—where an attachment is issued against a nonresident railway company, which is not operating under a domestic franchise and which does not maintain an office, agent, or place of business within this State, based on a cause of action brought for the purpose of recovering damages for personal injuries sustained by the plaintiff in one of the counties of this State by reason of the alleged negligence of such railway company—the attachment must be returned to and tried in the county in which the cause of action originated by a court having jurisdiction of said action. It appearing under the allegations of the declaration in this case that the Superior Court of Fulton County did not have jurisdiction of the cause of action sued upon, the trial judge erred in overruling the defendant's demurrer to the declaration in attachment.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment reversed. Sutton, C. J., MacIntyre, P. J., Gardner, Parker and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. Code, § 94-1101 provides that an action against a nonresident railroad company for injuries to person or property shall be brought in the county where the cause of action arose. It provides further that, if the company has no agent in the county where the cause of action arose, service may be perfected by service on any agent of the company. Service on any agent of the company, of course, means service on an agent within the State, as State courts have no extraterritorial jurisdiction.

Under this Code section, there is no venue fixed for an action against a nonresident railroad company for such injuries where the company has no agent within the state upon whom service may be perfected.. The case of *Hazlehurst* v. *Seaboard Air-Line Ry. Co.,* 118 *Ga.* 858 (45 S. E. 703), simply holds that an attachment against a nonresident railroad company must be returned to the court to which a common-law action would be returnable. If no common-law action could be brought in the State, the case does not apply, because the Code section above does not fix venue where no service on an agent can be had. I think that the trial judge correctly interpreted the Code section and the cases cited by the railroad company—*Hazlehurst* v. *Seaboard Air-Line Railway Co.,* 118 *Ga.* 858, *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735, *Mitchell* v. *Southern Ry. Co.,* 118 *Ga.* 845, *Coakley* v. *Southern Ry. Co.,* 120 *Ga.* 960, and *Bracewell* v. *Southern Ry. Co.,* 134 *Ga.* 537—and correctly·overruled the demurrer.