## BELL, administrator, *v.* STATE LIFE INSURANCE CO. OF INDIANAPOLIS.

Under the pleadings and the evidence the trial court erred in directing a verdict for the defendant; and accordingly the judgment of the Court of Appeals affirming the judgment of the trial court was erroneous.

　　　　　　No. 1834.　FEBRUARY 15, 1921.

Certiorari; from Court of Appeals. 24 *Ga. App.* 499.

*Smith, Hammond & Smith,* for plaintiff.

*W. Carroll Latimer,* for defendant.

ATKINSON, J. This case comes from the Court of Appeals on writ of certiorari, and, as stated by that court, " was a suit on a policy of life insurance for the recovery of the disputed double indemnity provided for under one of its clauses, and which was to be paid in all cases where it should be shown that the death of the assured resulted from ' bodily injury sustained and effected directly through external, violent, and accidental means, exclusively and independently of all other causes.' The petition, which was not demurred to, alleged that ' the insured was a physician by profession; and on or about May 3, 1916, he began to attend profes-

sionally the infant child of one T. M. Robinson of East Point,
Georgia, said child suffering from the disease known as erysipelas.
Insured wore glasses, and while attending his said patient the in-
sured, in adjusting his glasses, accidentally caused a scratch or
abrasion of the skin on or near his right ear, which scratch or
abrasion of the skin became infected with the germs of the disease
of erysipelas, same developing in the insured on or about May
20th. As a result the insured died as above stated on June 17,
1916." A summary of the evidence was also stated by that court.
*Bell* v. *State Life Insurance Co.,* 24 *Ga. App.* 499 (101 S. E. 541).
The Court of Appeals, in headnote 5(*a*), held as follows: "Con-
struing the petition in this case in accordance with the natural
meaning of the language used, its allegation to the effect that the
deceased, 'while attending' an erysipelas patient, accidentally
scratched his ear in adjusting his glasses, and the scratch 'became'
infected with the germ of the disease, would seem necessarily to
mean that the wound or scratch occurred while the decedent was
attending his patient, and that by reason of such exposure to the
patient it then and there became infected. Giving the petition
what seems to be the only reasonable and proper construction, the
evidence adduced upon the trial entirely fails to sustain the case
as laid, since from the plaintiff's own evidence it is shown that
the abrasion upon the ear occurred at the office of the assured in
the City of Atlanta, whereas the erysipelas patient was a resident
of another and neighboring city. If the infection occurred as a
consequence of the voluntary act of the assured in thereafter sub-
jecting the wound or abrasion to such a serious and dangerous
exposure, then, under the ruling made in the preceding paragraph,
the defendant would not be liable." The plaintiff contends that
the language, "while attending an erysipelas patient," authorized
a construction, in applying the evidence thereto, that the abrasion
of the skin mentioned in the petition occurred at some time be-
tween the first visit of the doctor to his patient and his last visit,
and not necessarily immediately in the presence of the patient. We
think the decision of the issue before us primarily depends upon
the correctness of the construction of the petition as stated by
the Court of Appeals in headnote 5(*a*) quoted above. After
mature consideration we are compelled to disagree with the con-
clusion there reached. We think, in applying the evidence, that

the petition authorized the construction that the abrasion on the ear of the deceased took place at some time during the engagement of the deceased as attending physician to the erysipelas patient. *Central Railroad Co.* v. *Pickett*, 87 *Ga.* 734 (13 S. E. 750). We do not think the allegations necessarily mean that the abrasion occurred while the physician was actually in the presence of the patient. Having reached this conclusion, it naturally follows that in our opinion the Court of Appeals erred in holding that "the evidence adduced upon the trial entirely fails to sustain the case as laid, since from the plaintiff's own evidence it is shown that the abrasion upon the ear occurred at the office of the assured in the City of Atlanta, whereas the erysipelas patient was a resident of another and neighboring city." Upon the contrary, it would be a question to be determined by the jury whether the evidence was sufficient to support the petition.. It is said, however, that if the infection occurred as a consequence of the voluntary act of the assured in thereafter subjecting the wound or abrasion to such a serious and dangerous exposure as a visit to a patient suffering from erysipelas, a contagious and infectious disease, the defendant would not be liable. We think this also would be a question to be determined by the jury. *Empire Life Insurance Co.* v. *Johnson*, 143 *Ga.* 330, 335 (82 S. E. 893, Ann. Cas. 1916B, 267). The Court of Appeals, in the second headnote, ruled as follows: "Under the evidence in this case the jury would have been authorized to find that the preponderance of the testimony established the plaintiff's contention that the fatal infection originated at the place upon the ear where the accidental abrasion had occurred. If, therefore, the direction of the verdict in favor of the defendant had been based upon the contrary theory, that it must have originated in the throat, as contended for by the defendant, such action would not have been justified." In this ruling we fully concur; and we are of the opinion that it disposes of the contention on the part of the defendant that the evidence supported the theory that the contagion originated in the throat of the deceased. The ruling last stated, that the preponderance of the testimony established the plaintiff's contention that the fatal infection originated at the place upon the ear where the accidental abrasion had occurred, we think compels the ruling that the trial court erred in not submitting the issue to the jury. 1 C. J. 448, §§ 119 et seq. Compare Mc-

Auley *v.* Casualty Co., 39 Mont. 185 (102 Pac. 586, 589); Accident Insurance Co. *v.* Young, 20 Canada Supreme Court, 280. The judgment of the Court of Appeals must therefore be reversed.

*Judgment reversed. All the Justices concur.*