19722. PRUDENTIAL INSURANCE COMPANY OF
AMERICA *v.* HERNDON.

DECIDED DECEMBER 13, 1929. REHEARING DENIED JANUARY 23, 1930.

*Spalding, MacDougald & Sibley,* for plaintiff in error.

*J. Wighlman Bowden, J. C. Bowden,* contra.

JENKINS, P. J.   This was a suit on a policy of accident insurance which provided for compensation on account of injuries "effected solely through external, violent, and accidental means." According to the pleadings and the testimony of the plaintiff, he suffered the loss of the sight of an eye which became infected as the result of wiping his face on a towel furnished by his employer, upon which were gonococci germs, or some other disease germs, left there by some other employee.   A verdict and judgment were rendered in favor of the plaintiff, and exception is taken to the refusal of the court to grant the defendant's motion for a new trial.

Plaintiff in error contends that it could only be liable under the terms of the policy where the proof of loss, as provided by the terms of the policy, shows on its face liability, and that in the instant case the proof of loss not only did not show liability, but affirmatively showed that the loss of sight did not result within ninety days from the time of the alleged injury, as stipulated by the policy, and that, therefore, the defendant is not liable, irrespective of any testimony by the defendant at the time of the trial contradicting the terms of the proof of loss.   Plaintiff in error further contends that there was no evidence introduced authorizing the jury to find that the injury to the eye resulted in the manner and from the cause set forth, in that there was a total absence of evidence that the towel had been infected with gonococci germs, or that any other person infected with such germs had ever used the towel, and that the only evidence relied upon by the plaintiff to explain the cause of his injury, which was to the effect that he used the towel and that about two hours thereafter his eye began to burn, amounted to a mere surmise.   It is further contended by the plaintiff in error that under the pleadings and the proof the plaintiff failed to show that the injury complained of was "effected solely from external, violent, and accidental means," within the meaning of the policy sued on.

Pretermitting any discussion of the questions raised by the record, except the one last mentioned in the foregoing statement of facts, there is nothing in the evidence to indicate that the injury

complained of was effected solely from external, violent, and accidental means, within the meaning of the policy sued on. The evidence does not indicate that the use of the towel effected any violent, external injury to the eye; the evidence does not indicate that the organ had already become thus injured so as, for that reason and in the natural course of events, to subject it to infection from the ordinary use of the towel, as was the case in *Bell* v. *State Life Ins. Co.*, 151 *Ga.* 57 (105 S. E. 846). So far as all the plaintiff's evidence goes to indicate, the disease was contracted without the intervention of any external and violent means. Since all germ diseases, whether contagious or infectious, are contracted by taking within the body the disease organisms, an insurer might be liable for the contraction of any such diseases, whether through the mouth, nose, eye, throat or lungs, by reason of any ordinary exposure, but for the additional provision in the accident policy, which distinguishes it from a health policy, that the company is liable only for accidental injuries effected solely through external, violent means. In the instant case, so far as the case made by the plaintiff shows, the gonococci germs became lodged and developed in the natural, normal tissues of the body, without in any wise being effected through any sort of external violent injury. Accordingly, there could be no recovery on the policy sued on, and the verdict in favor of the plaintiff was unauthorized.

*Judgment reversed. Stephens, J., disqualified. Bell J., concurs.*

### ON MOTION FOR REHEARING.

Plaintiff, by motion for rehearing, contends that there was no demurrer to the petition in the instant case, and that the proof submitted substantially proves the case as laid, and invokes the ruling of the Supreme Court in *Kelly* v. *Strouse*, 116 *Ga.* 872 (43 S. E. 280), that "it is not the office of a motion for a new trial to call in question the legal sufficiency of the pleadings of the plaintiff." The case referred to was not overlooked by this court, but the principle stated has no application in the instant case, for the reason that the plaintiff in his petition did not set forth, or attach as an exhibit, the master policy issued by the defendant company to the employer of the plaintiff, but merely set forth the group certificate issued to the plaintiff. The benefits payable under the group certificate issued to the plaintiff, and set forth by the petition, were subject to and dependent upon the terms and conditions

of the master or group policy issued to the employer and identified by the certificate. As introduced in evidence, this master policy contained the provision, set forth in the decision, that compensation as sued for was payable on account of injuries "effected solely through external, violent, and accidental means."

*Rehearing denied.*